[No. 6082. Decided August 6, 1906.]

PERRY ABBY, *Respondent,* v. GEORGE E. WOOD, *Appellant.*[1]

APPEAL—REVIEW—VERDICT. A verdict upon conflicting evidence will not be set aside by the appellate court where there was sufficient competent evidence to sustain it.

HIGHWAYS — INJURY BY RUNAWAY TEAM — CONTRIBUTORY NEGLIGENCE. A woman driving in a buggy with a baby in her lap is not, as a matter of law, guilty of contributory negligence in not looking back upon hearing the noise of an approaching runaway team, where there was nothing to indicate to her that the team was running away.

TRIAL—VERDICT—SPECIAL INTERROGATORIES. Answers by the jury to special interrogatories to the effect (1) that the defendant was not so intoxicated that he could not control his team, and (2) that the loss of such control was due to his intoxication, and not to the dropping of the conveyance into a hole, are not, in the light of the evidence, so conflicting as to be insufficient to sustain a general verdict based upon the defendant's negligence and intoxication.

DEATH—DAMAGES—EXCESSIVE DAMAGES. A verdict for $2,160 for the death of a child one year of age will not be held excessive, where no complaint is made of the instructions, and there is nothing to indicate passion or prejudice.

JURY—EXAMINATION OF JURORS. Upon the *voir dire* of a juryman, it is not error to refuse to permit him to answer a question as to whether he wanted to sit on the jury.

APPEAL—HARMLESS ERROR—TRIAL—ARGUMENT OF COUNSEL. Improper argument of counsel is not ground for reversal when it was not susceptible of any injury to the appellant.

Appeal from a judgment of the superior court for Chehalis county, Miller, J., entered July 17, 1905, upon the verdict of a jury rendered in favor of the plaintiff for damages for the death of an infant child, caused by a runaway team. Affirmed.

*Miller & Fouts* and *J. G. Thomas,* for appellant.

*M. M. Godman* and *Leon B. Kenworthy,* for respondent.

[1]Reported in 86 Pac. 558.

Root, J.—This was an action by plaintiff to recover for the death of a minor child killed by a runaway team which, it was alleged, escaped from defendant by reason of his intoxicated condition. The material facts were about as follows: Plaintiff and wife were farmers, living in Columbia county near Waitsburg. On May 7, 1904, plaintiff's wife was driving in a buggy along a public road in said county with her child, an infant not quite one year old, when defendant's team ran into them and killed the child. Defendant had been in Waitsburg during the day and was to some extent intoxicated when he started home. As to the amount of his drinking and the extent of his intoxication there was considerable conflict in the testimony. The defendant claimed that he was not intoxicated, but that his horses, without fault on his part, became unmanageable, and the wagon running into a washout or chuck-hole, he was thrown to the ground and the team thereupon ran away. As to the manner of his driving and the occasion of his being thrown or falling from his wagon, there is also a conflict in the testimony. The following interrogatories were submitted to the jury, and were answered as herein indicated, to wit:

"Question: Was the defendant so intoxicated that he could not control his team? Answer: No. Q. Was the loss of control of his team by defendant due to his being intoxicated? A. Yes. Q. Was the loss of control of his team by defendant caused by the hack running into or dropping into a washout or chuck-hole? A. No."

The jury returned a general verdict for plaintiff in the sum of $2,160.20. Judgment for said amount was entered in favor of plaintiff, from which this appeal is taken.

Appellant claims that the evidence does not show any negligence on his part, that it does not show that he had been drinking to excess, or that he was intoxicated, or that his intoxication was responsible for the escape of the horses. He claims that the horses for some reason commenced to run, and that he used every means possible to stop them, and that while

endeavoring so to do, the wagon ran into a washout or chuck-hole and precipitated him from the wagon, whereupon the team ran away, with the result hereinbefore mentioned. While the evidence as to all of these matters was conflicting, yet we do not find that there was a preponderance in favor of the appellant upon any of these propositions. This being true, and there being a sufficient amount of competent, material evidence, which would, if believed, amply sustain the special finding and verdict, we cannot set the latter aside on account of these matters.

Appellant further claims that respondent's wife was guilty of contributory negligence in that, when she heard the team coming behind her, she did not look around or make any attempt to get out of the way. It appears that she was driving along in her buggy in the usual manner, with the child on her lap, and had no intimation that the team was running away until it crashed into her buggy. She heard the noise of the approaching team, but nothing is shown to indicate any reason why she should have supposed it to be a runaway team. Under these circumstances, the court cannot say, as a matter of law, that she was guilty of contributory negligence, even if this would be a defense, which is a question not necessary now to be considered.

It is urged by appellant that the character of the answers to the special interrogatories and the size of the verdict returned, show that the jury was actuated by passion and prejudice. We are unable to agree with this contention. While at first blush the answers to the interrogatories might seem a little inconsistent with one another, yet in the light of the issues and evidence involved, we think they are consistent and find support in the evidence. As to the size of the verdict, it is difficult to establish or announce any standard by which the damage to a parent for the loss of his child can be accurately measured. No complaint is made by the appellant of the instructions given by the trial court upon this question, and it must be presumed that the jury endeavored to follow

those instructions, and it would be improper for us to disturb their conclusion unless there was something to show that they were actuated by passion, prejudice, or other improper influence. Nothing of this kind appearing, we are not disposed to question the amount of the award.

Upon the *voir dire* one of the jurymen was asked this question: "Do you want to sit on this jury?" Objection was made, and the juryman was not permitted to answer. This is complained of. We cannot see any merit in the complaint. Exception is also taken to certain remarks made by respondent's attorney in the presence of the jury. While perhaps not entirely proper, yet, we do not believe that these remarks were susceptible of any injury to appellant's cause, or that they were made from any improper spirit. Several rulings of the court upon the admission or exclusion of evidence are assigned as error. While it is possible that some of these rulings were not technically correct, yet we can find none that constitute prejudicial error. Exception was taken to the refusal of the court to instruct the jury to return a verdict for appellant. What has been said hereinbefore covers this assignment.

Finding no substantial or prejudicial error in the record, the judgment of the trial court is affirmed.

Mount, C. J., Crow, and Fullerton, JJ., concur.

Dunbar, J., concurs in the result.