[No. 8731. Department One. June 18, 1910.]

EARL MONEY et al., *Respondents*, v. SEATTLE, RENTON & SOUTHERN RAILWAY COMPANY, *Appellant*.[1]

NEW TRIAL—SUFFICIENCY OF EVIDENCE—PROVINCE OF COURT. Where there is a substantial conflict in the evidence it is discretionary for the trial court to deny a motion for a new trial on the ground of the insufficiency of the evidence to sustain the verdict; and the fair inference from comment of the trial judge to the effect that two juries had believed the plaintiff, that its probative force was for the jury, and that he was compelled to deny a new trial, is that the evidence justified the verdict; especially as the court should be reluctant to grant a new trial for insufficiency of the evidence after two juries had found it sufficient.

APPEAL—REVIEW—DISCRETION—REFUSAL OF NEW TRIAL. The supreme court cannot reverse a case for the refusal of a new trial on the ground of the insufficiency of the evidence, where the evidence was conflicting, and the jury were instructed that the weight of the evidence did not necessarily depend upon the number of witnesses, and that they were the sole judges of the credibility of the witnesses and the weight of the evidence.

[1]Reported in 109 Pac. 307.

Appeal from a judgment of the superior court for King county, Ronald, J., entered December 18, 1909, upon the verdict of a jury rendered in favor of the plaintiffs, for damages sustained by a passenger in alighting from a street car. Affirmed.

*Morris B. Sachs*, for appellant.

*William Wray* and *W. R. Bell*, for respondents.

Gose, J.—This is an action brought by the plaintiffs, as husband and wife, to recover damages for personal injuries sustained by the wife while alighting from one of the defendant's street cars. There was a verdict and judgment for the plaintiffs. Defendant has appealed.

The facts relied upon by the respondents to support the judgment are, that the wife became a passenger on one of the appellant's street cars; that the car stopped at the intersection of Second avenue south and Washington street, in the city of Seattle, in response to her notification to the conductor that she desired to leave the car at that point, and that, while she was in the act of alighting, the car suddenly and without warning started, throwing her to the ground, and causing the injuries complained of. At the trial of the case, the respondent offered herself as a witness, and was clear and emphatic in her statement that she sought to alight from the car at the point stated while it was standing, and that while stepping from it, it suddenly started and threw her upon the pavement. As to the fact of the injury she has abundant support in the evidence, but as to the cause of the injury her testimony is without corroboration.

The testimony shows that the car stopped at the intersection of Second avenue and Washington street, at which point the appellant's track crosses the track of the Seattle Electric Company. The appellant contends that the wife stepped from the car while it was in motion and when it was a short distance from the intersecting track. To support this view it offered four witnesses, the conductor, the motor-

man, and two women who were passengers on the car at the time of the accident. The conductor and one of the women testified that she stepped from the car while it was in motion. The motorman and the other woman testified that the car made only one stop before it crossed the other track. In denying the motion for a new trial, the learned judge said:

"There is a conflict in the testimony. Plaintiff swears positively that the car stopped and that while she was getting off, and before she had time to alight, it started. Defendant's witnesses swear that plaintiff got off before the car stopped. If her testimony is true, the verdict is founded in fact. If the defendant's testimony is true, the verdict is not founded in fact. A former jury have believed the plaintiff's testimony. The trial judge before whom it was tried, though granting a new trial, did not grant the same on the ground of insufficiency of evidence. The jury in this case have placed more weight upon the testimony of the plaintiff than upon that of the defendant's witnesses. The probative sufficiency of the plaintiff's testimony is a question for the jury. I am compelled to deny the motion for a new trial."

The appellant asserts that the evidence is insufficient to justify the verdict, that it was the duty of the trial judge to rule upon that question, and that it was his duty "to use his judgment and not to rely upon the judgment of the jury." It cannot be doubted that the trial court may, in proper cases, deny a motion for a new trial without assigning any reason for its action, and it is equally clear that it may, in the exercise of its discretion, where there is a substantial conflict in the testimony, decline to disturb the verdict on the ground of insufficiency of the evidence. We think the fair inference from the language of the court is that, considering the evidence in the light of the fact that two juries had found for the respondent, it could not be said that the evidence did not justify the verdict.

In cases of this character, the jury is the tribunal designated by the constitution to determine the facts. The court instructed the jury that it was "the sole and exclusive judges of the evidence in the case, and of the credibility of the wit-

nesses and the weight to be attached to the testimony of each; . . . that a fair preponderance of the evidence . . . does not mean necessarily that a greater number of witnesses shall be produced on one side or on the other; but that on the whole the jury believes the greater probability of the truth to be upon the side of the party having the burden of proof." There was no exception to this instruction, and it so obviously states the law that an exception would have been of no avail. In a long line of decisions, including *Welever v. Advance Shingle Co.*, 34 Wash. 331, 75 Pac. 863, and *Farrell Co. v. Ihrig*, 50 Wash. 281, 97 Pac. 52, we have held that, where there was a substantial conflict in the evidence and the trial court granted a new trial on the ground of the insufficiency of the evidence to justify the verdict, he was acting within his discretionary powers. The rule applies with equal force where the court below denies a motion for a new trial.

"Where there is a substantial conflict in the evidence the supreme court will not disturb the decision of the court below. This rule has been announced more frequently than any other rule of practice. It applies equally where the court below granted as where it denied the motion for new trial." Haynes, New Trial and Appeal, § 288.

In *Brown v. Seattle City R. Co.*, 16 Wash. 465, 47 Pac. 890, in considering the refusal of the trial court to grant a new trial, we said:

"We do not think it is the function of the court to weigh the credibility of the witnesses, and, where there is substantial conflict in the testimony, the case is for the determination of the jury."

The same view was expressed where a motion for a new trial was denied by the trial court in the following cases: *Tacoma v. Tacoma Light & Water Co.*, 17 Wash. 458, 50 Pac. 55; *Pronger v. Old Nat. Bank*, 20 Wash. 618, 56 Pac. 391; *Miller v. Dumon*, 24 Wash. 648, 64 Pac. 804.

The appellant has cited *In re Palmer's Will*, 52 Wash. 644,

101 Pac. 220, and *Guley v. Northwestern Coal & Transp. Co.*, 7 Wash. 491, 35 Pac. 372. The *Palmer* case was a contest of a will, tried to the court, and what we said in that case has no application to the question before us. The *Guley* case has been criticized in this court in respect to the question we are considering until it is no longer authority on the subject. Where there is a substantial conflict in the evidence, and the trial court has refused a new trial and has instructed the jury that the weight of the evidence does not necessarily depend upon the relative number of witnesses testifying for or against a given issue, and that they are the sole judges of the credibility of the witnesses and the weight of the testimony, it would involve a legal absurdity for this court to reverse the judgment entered upon the verdict on the ground of the insufficiency of the evidence. To believe one witness and to disbelieve another or others is one of the admitted functions of the jury, and in this respect it cannot be censored or controlled by the courts. While it is true that verdicts must be based upon evidence, it is likewise true that the trial judge is not required to grant a new trial in every case where his opinion upon the facts differs from the opinion of the jury as expressed in the verdict. *Kincaid v. Walla Walla Valley Traction Co.*, 57 Wash. 334, 106 Pac. 918. Indeed, it would seem that a trial court would be reluctant in any case to grant a new trial on the ground of the insufficiency of the evidence where substantially the same evidence had been twice submitted to different juries and both juries had reached the same conclusion upon the chief issue in the case.

The evidence being conflicting and there being competent evidence to support the verdict, we cannot disturb it without usurping the functions committed to the jury by the constitution. The judgment is affirmed.

RUDKIN, C. J., FULLERTON, CHADWICK, and MORRIS, JJ., concur.