[No. 13744. Department Two. April 13, 1917.]

JOHN AUSTIN, as *Receiver, Respondent,* v. UNION LUMBER COMPANY, *Appellant.*[1]

COMPROMISE AND SETTLEMENT—ACCEPTING PAYMENT IN FULL—EVIDENCE—SUFFICIENCY. There is a compromise and settlement of a balance due for logs sold by a logger, precluding him from making claim that the company did not properly scale the logs, where it appears that he went to the office of the company for the purpose of receiving his pay, accepted a check for the balance due as shown by the books of the company, knowing that its scale was different from his own scale, and, making no objection thereto, receipted the statement and cashed the check given; under the rule that intent to close the account governs, in the absence of mutual mistake or fraud.

APPEAL — REVIEW — FINDINGS. Findings on conflicting evidence will not be disturbed on appeal where the trial court was in a better situation to determine the matter.

Appeal from a judgment of the superior court for Thurston county, Mitchell, J., entered April 17, 1916, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Reversed.

[1]Reported in 164 Pac. 245.

*Troy & Sturdevant*, for appellant.
*Bigelow & Manier*, for respondent.

FULLERTON, J.—In this action the respondent seeks to
recover from the appellant a balance claimed to be due on
the purchase price of a quantity of sawlogs, sold and de-
livered to the appellant by one W. H. Davis, the predecessor
in interest of the respondent. Prior to the sale of the logs,
an oral contract was entered into between the appellant and
Davis concerning the terms of the sale, not made very clear
by the record. Both parties agree, however, that the logs
were to be merchantable logs and that the price was to be $5
per thousand feet board measure, to be ascertained by a scale
of the logs made in the usual manner. Among the logs de-
livered under the contract, were three rafts which were de-
livered at separate times, such deliveries being treated by
the parties as separate transactions. There is no contro-
versy in this court as to the first raft, although it was a sub-
ject of controversy in the court below, both parties accept-
ing the court's conclusions thereon. The logs in the second
raft were scaled by Davis shortly after they were put in the
water at the place of delivery, and were scaled by the appel-
lant after being brought to its mill and hauled onto the log
deck just before they were cut into lumber. Davis' testi-
mony was to the effect that his scale showed the raft to
contain 71,384 feet of merchantable logs, while the appel-
lant's scale showed the raft to contain but 39,878 feet of
such logs. For the quantity it admitted having received,
the appellant paid Davis, and the controversy is over the
difference between the two scales. As to the third raft there
is no controversy as to the quantity or quality of the logs
delivered; but, in making payment for the rafts, the appel-
lant deducted $25 as damages for injuries it claims Davis
had done to its logging trucks which it had loaned to him in
order to facilitate his logging operations, and the respond-
ent denies the appellant's right to this sum. The respondent

sues as receiver of the property of Davis. The court allowed a recovery in favor of the receiver for the amount claimed as due on the sale of the second raft, and for the amount unpaid on the third, refusing to recognize the claim of damages as valid.

It is the appellant's contention that there was an accord and satisfaction; or perhaps, more strictly speaking, a compromise and settlement with reference to the sale of the second raft. The evidence concerning the transaction was not in dispute. After the raft had been taken to the mill by the appellant and the logs scaled, Davis went to the office of the company to receive pay therefor. The agent of the appellant then representing it gave him a statement of the account between the appellant and himself as it then stood on the appellant's books. This statement credited Davis with the value of the logs as shown by the appellant's scale at the agreed price and debited him with an account for merchandise, leaving a balance in his favor. Davis, after examining the statement, remarked that the company had scaled the logs pretty close, but made no other objection thereto. He did not then inform the agent, nor did he inform any representative of the appellant prior thereto, that he had also scaled the logs and that his scale differed from the scale made by the appellant, nor did he claim that there was due him a larger sum than the statement indicated. A check was then drawn in his favor by the agent for the amount of the balance, which, after receipting the statement, he carried away and cashed, applying the proceeds to his own use.

There is much learning in the books as to what acts will, and what acts will not, amount to a settlement of an account, and no general rule can be laid down that will satisfy all of the cases. The concensus of opinion seems to be that it is largely a question of intent, to be gathered from the facts of the particular case. If it can be gathered from the transaction of the parties that a settlement and satisfaction was intended, that a balance is actually struck, and that the

one pays and the other accepts without protest or objection of any kind, it is viewed in law as a closed account notwithstanding one of the parties may secretly intend to, and thereafter does, treat the account as still an open one; unless, of course, the complaining party can show some legal or equitable reason for reopening it; such, for example, as that there was a mutual mistake or some form of fraud or overreaching practiced upon him by the other party.

It seems to us that the facts here shown constitute a settlement within the rule. The transaction giving rise to the account was, at the time of the settlement and payment, a closed incident. Nothing further remained to be done concerning it. The appellant, from whom the balance was owing, desired no extension of time or other favor for making payment, but was ready and willing to satisfy it in full. Davis, the other party to the transaction, went to the office of the appellant for the purpose of settling the matter and receiving payment in full for such balance as might be due him. He knew then what his own scale of the logs showed and the price he was to receive for them. When, therefore, he received the appellant's statement of the account without protest or claim that it did not represent the true balance, receipted the statement and accepted, carried away and cashed the check given him as payment for the balance, no conclusion can be drawn from his acts other than that he understood the matter as the appellant understood it; that is, as a settlement and satisfaction of the transaction in full.

What we have said is on the assumption that the evidence preponderated in favor of the conclusion of the trial court. A reading of the evidence, however, convinces us that the court could well have found the other way. Davis himself testified that there were logs in the raft not merchantable, and that he omitted a number of them when scaling them because of that fact. It appears also that he scaled them when they were in the water where they were visible in part only, while the appellant scaled them when they were in a

favorable situation to discover their defects. It would not be strange, even conceding to Davis the utmost good faith, that he included many as merchantable which were not so. We are constrained to the conclusion, therefore, that the court erred in allowing a recovery for the second raft.

As to the third raft, we think the judgment of the trial court should be sustained. On that issue the evidence was in decided conflict, and the trial court was in a much better situation to determine the truth of the matter than is this court.

The judgment is reversed, and the cause remanded with instructions to so modify the judgment as to eliminate from the recovery the amount allowed for the second raft. Neither party will recover costs in this court.

ELLIS, C. J., MOUNT, PARKER, and HOLCOMB, JJ., concur.