[No. 13672.   Department Two.   May 5, 1917.]

RUSSELL S. HAYES, *Respondent*, v. ELVA M. HAYES,
*Appellant*.[1]

APPEAL—REVIEW—FINDINGS. Findings upon conflicting evidence
will not be reversed on appeal where the evidence does not prepon-
derate against them.

Appeal from a judgment of the superior court for King
county, Jurey, J., entered January 15, 1916, upon findings in
favor of the plaintiff, in an action for divorce, tried to the
court. Affirmed.

*R. L. Blewett* and *Jesse A. Frye*, for appellant.

*E. H. Guie*, for respondent.

PARKER, J.—The plaintiff, Russell S. Hayes, commenced
this action in the superior court seeking a decree of divorce
dissolving the marriage relation existing between him and the
defendant, Elva M. Hayes. She answered, resisting the
granting of a divorce decree and, by cross-complaint, sought
a decree of separate maintenance. The trial resulted in find-
ings and decree of divorce in favor of the plaintiff and denial
of a decree of separate maintenance to the defendant. She
was, by the decree, awarded attorney's fees, and also alimony
in the total sum of $500, to be paid by the plaintiff at the
rate of $50 per month for the period of ten months. The de-
fendant has appealed from this disposition of the cause to this
court.

At the time of the marriage, both parties were thirty-two
years old. They both possess considerable earning power, as
evidenced by the salaries earned by each in their respective
employments. They have no children. The divorce was
granted by the superior court upon the ground of appellant's
personal indignities towards respondent. The evidence is in

[1]Reported in 164 Pac. 740.

considerable conflict. It is of that nature which renders the proper disposition of the cause much more easily determined by the trial court than by this court. We cannot say, from our review of the evidence, in cold typewriting, that it does not preponderate in support of the trial court's conclusion. There is no question of law involved here. We deem it unprofitable to notice here in detail the distressing happenings of this unfortunate marriage.

The decree is affirmed.

ELLIS, C. J., FULLERTON, MOUNT, and HOLCOMB, JJ., concur.