## L. P. ORDWAY v. W. T. PRICE.[1]

June 22, 1923.

No. 23,449.

**An agreement to repay on a contingency is not usury.**

　1.　To constitute usury an agreement to repay the principal sum at all events is essential; if it be payable only on some contingency the transaction is not usurious.

**Certain defenses were properly stricken from the answer.**

　2.　Defendant's second, third and fourth defenses and his counterclaim failed to state facts constituting either a defense or a cause of action and were properly stricken.

Action in the district court for Hennepin county to recover $3,500 with interest. From an order, Molyneaux, J., granting plaintiff's motion to strike out the second, third and fourth defenses and the counterclaim set up in defendant's answer on the ground that they were sham, frivolous and irrelevant, defendant appealed. Affirmed.

*Trafford N. Jayne*, for appellant.

*Sanborn, Graves & Ordway*, for respondent.

TAYLOR, C.

The complaint asks for judgment against defendant for $3,500 and interest on two instruments attached thereto and marked Exhibits A and B. Exhibit A, so far as here material, reads.

"For and in consideration of $3,500, this day paid by L. P. Ordway, * * * I hereby agree that the Blue Nose Mines Company, an Arizona Corporation, will pay said L. P. Ordway $3,500 with interest thereon from date at the rate of seven per cent per annum out of the first clean-up made by it, and issue and deliver to

[1]Reported in 194 N. W. 321.

him as soon as it shall obtain authority from the state of California to issue its capital stock, $7,000 par value of its capital stock. * * *

"Dated April 27, 1920.

Signed "Wm. Ely Bramhall<br>
"Blue Nose Mines Co.<br>
"By Wm. Ely Bramhall, Prest."

Exhibit B reads:

"For and in consideration of said payment of $3,500 made by said Ordway to said Bramhall set forth in the foregoing instrument, I do hereby guarantee and agree that if said $3,500 and interest is not paid to said Ordway by said Blue Nose Mines Company or said Bramhall within one year from and after the date [hereof] that I will personally pay the same; meaning hereby to guarantee the collection and payment within twelve months from the date hereof to said Ordway of said $3,500 and interest.

"Dated this 27th day of April 1920.

(Signed)  "W. T. Price.

"Witness: Wm. Ely Bramhall."

The answer contained a general denial of all the allegations of the complaint except as specifically admitted and then, as a first defense, alleged that the obligation set forth in the complaint and in Exhibit A was also evidenced by a promissory note for $3,500 and that defendant had paid it in full.

As a second defense the answer alleged that there was no consideration for Exhibit B, "but that the same together with Exhibit A was taken as additional security for the note of $3,500 above mentioned given for the same loan."

For a third defense the answer alleged that the loan set forth in Exhibit A was usurious, "in that the signer of Exhibit A agreed to pay and said plaintiff agreed to receive therefrom a greater return for the loan of the said sum of $3,500 than the sum of $10 per $100 per year," in that the contract provided for interest thereon at the rate of 7 per cent per annum and in addition thereto provided for

issuing to plaintiff $7,000 par value of stock, of the actual value at that time of $3,500.

As a fourth defense the answer alleged in substance that Exhibit B taken in connection with Exhibit A merely guaranteed payment of the $3,500 out of the first clean-up made by the mines company and that no liability had accrued thereunder for the reason that no clean-up had ever been made and no money had ever been obtained by the company from any clean-up.

In addition to these defenses the answer set forth a counterclaim to recover back the amount paid on the note on the ground that the contract was usurious.

Plaintiff made a motion to strike out the second defense on the ground that it is irrelevant and redundant, and to strike out the third and fourth defenses and the counterclaim on the ground that each of them "is sham, friviolous and irrelevant." The court granted this motion and defendant appealed from the order.

In support of his second defense, defendant contends that, as he was liable on the promissory note, there was no consideration for executing Exhibit B. He states his proposition thus:

"Doing or promising to do what one is already legally bound to do, either by general law or by contract with the other party, is not a sufficient consideration."

A correct proposition of law, but it has no application to the present case. A party may, and frequently does, execute more than one instrument evidencing the same obligation.

In support of his third offense defendant contents that the transaction evidenced by Exhibit A is usurious. To constitute usury an agreement to repay the principal sum at all events is essential. If it be payable only on some contingency, the transaction is not usurious. Temple v. Davis, 115 Minn. 328, 142 N. W. 257: Missouri, K. & T. T. Co. v. McLachlan, 59 Minn. 468, 61 N. W. 560; 27 R. C. L. 220. The agreement in question is that the Mines company will repay the $3,500 received from plaintiff with interest thereon out of the first clean-up made by the company, and will issue to plaintiff, as soon as it shall obtain authority from the state of California to issue its capital stock, stock of the par value of $7,000. Defendant alleges in his

answer that no clean-up has ever been made, and the record contains nothing to indicate that a clean-up ever will be made, or that any money could be derived therefrom if one were to be made. In any event the payment of the $3,500 is contingent on something occurring which may never occur, and usury cannot be predicated on such an agreement. 27 R. C. L. 220.

The agreement to issue stock of the alleged value of $3,500, even if absolute, would not make the transaction usurious. But it may never be issued. The agreement is to issue it as soon as authority to issue it shall be obtained from the state of California. Such authority may never be obtained. It may not be amiss to note that by the terms of the agreement this stock is not to be issued until an Arizona corporation shall obtain from the state of California authority to issue capital stock, and that there is no suggestion of mistake in the language used and no explanation of why the agreement was put in that form.

In support of his fourth defense, defendant contends that Exhibit B merely guarantees the performance of Exhibit A; that by the terms of Exhibit A the $3,500 was to be paid out of the first clean-up, and that there is no liability under Exhibit B for the reason that no clean-up has ever been made. Exhibit B will not bear this construction. It is an absolute promise to pay the $3,500 and interest, if it is not paid within one year by the obligors on Exhibit A.

Defendant's first defense was not stricken and if established will relieve defendant from liability. The matters stricken set forth no facts constituting either a defense or a cause of action and the order was correct.

Affirmed.