[No. 18164.  Department Two.  December 7, 1923.]

HENRY EMBOLA, *Respondent*, v. JOHN TUPPELA, *by his Guardian ad Litem, C. H. Farrell, Appellant.*[1]

USURY (9)—CONTRACTS (22)—LOAN OR ADVANCEMENT—CONTRACT INVOLVING HAZARD OR CONTINGENCY—CONSIDERATION. An advance of $50 to enable an Alaska miner to return to recover property valued at half a million dollars, in consideration of an agreement to pay $10,000 in case of success, is an investment and not a loan, or subject to the objection that it is usurious.

CONTRACTS (36)—VALIDITY OF ASSENT—FRAUD—EVIDENCE—SUFFICIENCY. An advance of $50 to enable an Alaska miner to return to recover property valued at half a million dollars, in consideration of an agreement to pay $10,000 in case of success, is not shown to have been procured by fraud or to be unconscionable, where the offer was voluntarily made, and the miner was of sound mind and considered that the contract was fair and to his advantage.

Appeal from a judgment of the superior court for King county, Ronald, J., entered April 16, 1923, upon findings in favor of the plaintiff, in an action on contract, tried to the court.    Affirmed.

*Howe, Farrell & Meier* and *J. H. Cobb,* for appellant.

*Murphy & Kumm* and *Charles L. Harris,* for respondent.

PEMBERTON, J.—John Tuppela joined the gold seekers' rush to Alaska, and, after remaining there a number of years prospecting, was adjudged insane and committed to an asylum in Portland, Oregon.  Upon

[1]Reported in 220 Pac. 789.

his release, after a confinement of about four years, he found that his mining properties in Alaska had been sold by his guardian. In May of 1918, Tuppela, destitute and without work, met respondent at Astoria, Oregon. They had been close friends for a period of about thirty years. Respondent advanced money for his support, and in September brought him to Seattle to the home of Herman Lindstrom, a brother-in-law of respondent. Tuppela had requested a number of people to advance money for an undertaking to recover his mining property in Alaska, but found no one who was willing to do so. The estimated value of this mining property was about $500,000. In the month of September, Tuppela made the following statement to respondent: "You have already let me have $270. If you will give me $50 more so I can go to Alaska and get my property back, I will pay you ten thousand dollars when I win my property." Respondent accepted this offer and immediately advanced the sum of $50. In January, 1921, after extended litigation, Tuppela recovered his property. Tuppela, remembering his agreement with respondent, requested Mr. Cobb, his trustee, to pay the full amount, and upon his refusal so to do, this action was instituted to collect the same.

The answer of the appellant denies the contract and alleges that, if it were made, it is unconscionable, not supported by adequate consideration, procured through fraud, and is usurious. The appellant also alleges that the amount advanced did not exceed $100, and he has paid $150 into the registry of the court for the benefit of respondent.

The court found in favor of the respondent, and from the judgment entered, this appeal is taken.

It is contended by appellant that the amount advanced is a loan and therefore usurious, and that the

sum of $300 is not an adequate consideration to support a promise to repay $10,000. It is the contention of respondent that the money advanced was not a loan but an investment; that the transaction was in the nature of a grubstake contract which has been upheld by this court. *Raymond v. Johnson,* 17 Wash. 232, 49 Pac. 492, 61 Am. St. 908; *Ranahan v. Gibbons,* 23 Wash. 255, 62 Pac. 773; *Mack v. Mack,* 39 Wash. 190, 81 Pac. 707; *Mattocks v. Great Northern R. Co.,* 94 Wash. 44, 162 Pac. 19.

This is not a case wherein respondent advanced money to carry on prospecting. The money was advanced to enable appellant to recover his mining property. Appellant had already been advised by an attorney that he could not recover this property. The risk of losing the money advanced was as great in this case as if the same had been advanced under a grubstake contract. Where the principal sum advanced is to be repaid only on some contingency that may never take place, the sum so advanced is considered an investment and not a loan and the transaction is not usurious. ''To constitute usury it is essential that the principal sum loaned shall be repayable at all events and not put in hazard absolutely. If it is payable only on some contingency, then the transaction is not usurious. . . . '' 27 R. C. L. § 21, p. 220. The fact that the money advanced was not to be returned until appellant won his property, a contingency at that time unlikely to occur, supports the finding that the consideration was not inadequate.

To the contention that the contract was procured through fraud, the testimony shows that appellant voluntarily offered to pay the $10,000, and at the time was of sound and disposing mind and considered that the contract was fair and to his advantage.

The trial court having found that there was no fraud and that the contract was not unconscionable, we should uphold these findings unless the evidence preponderates against them. *Thompson v. Seattle Park Co.,* 94 Wash. 539, 162 Pac. 994; *Austin v. Union Lumber Co.,* 95 Wash. 608, 164 Pac. 245; *Mottinger v. Reagan,* 96 Wash. 49, 164 Pac. 595; *Hayes v. Hayes,* 96 Wash. 125, 164 Pac. 740. We are satisfied that the evidence supports the findings.

The judgment is affirmed.

MAIN, C. J., MITCHELL, FULLERTON, and BRIDGES, JJ., concur.