[No. 19903. Department One. July 27, 1926.]

WOOD & IVERSON, INCORPORATED, *Appellant,* v. SELDEN S. WILSON, *Respondent.*[1]

[1] APPEAL (406)—REVIEW—DISCRETION OF COURT—NEW TRIAL. Where there was a conflict in the evidence and no error in the instructions and the trial court exercised its discretion in refusing a new trial on the grounds of passion and prejudice, the supreme court will be very loath to interfere.

[2] ACCORD AND SATISFACTION (3, 9)—PART PAYMENT—ACCEPTANCE OF CHECK—EVIDENCE—SUFFICIENCY. The finding of a jury that there had been no accord and satisfaction is sustained where there was evidence that all the statements accompanying the payments were disputed, that no payments had been accepted in full, but that, on objection in each case, acceptance of the payment was induced by the promise that the dispute would be adjusted later.

Appeal from a judgment of the superior court for King county, Truax, J., entered December 12, 1925, upon the verdict of a jury rendered in favor of the defendant, in an action for money had and received. Affirmed.

*Weters & Roberts* and *J. P. Murphy,* for appellant.
*Elias A. Wright* and *Sam A. Wright,* for respondent.

HOLCOMB, J.—In this action, brought by appellant to recover for an alleged mistaken overpayment made by

[1]Reported in 248 Pac. 68.

appellant of the sum of $1,290.84 for logs shipped and delivered by respondent to appellant during August, 1924, respondent cross-complained to recover an alleged balance owing to him of $7,509 on account of logs sold and delivered to appellant during the months of April, May, June, and a portion of July and August, 1924.

The cause was tried to a jury, which returned a verdict against appellant, in favor of respondent on his cross-complaint, in the sum of four thousand dollars.

No errors are assigned by reason of any instructions to the jury or upon the admission or rejection of any evidence in the case. The only errors claimed by appellant are that excessive damages were given under the influence of passion and prejudice, and insufficiency of the evidence to justify the verdict. These errors are summed up in the one assignment that the court erred in denying appellant's motion for a new trial.

An examination of the record shows a conflict in the evidence on every issue of the case. One of the issues involved was that of an accord and satisfaction between the parties, as shown by exhibits consisting of statements of account which are alleged by appellant to have been delivered to respondent during the months in question, showing the quantities of logs delivered by respondent, the prices to be received therefor, and resulting generally in the alleged mistaken overpayment by check executed and delivered by appellant to respondent in the amount sued for.

Each of the parties had its or his own log scaler, that of appellant being one Iverson, who, during the greater part of the time in which the transactions were consummated, was an employee of appellant, and later became vice-president and secretary. He appeared not to have had any considerable experience in the scaling of logs. He, in fact, testified that he could not explain the dif-

ference between original growth and second growth logs. The scaler for respondent appears from the testimony to have been a thoroughly competent scaler. There are divergencies between the results arrived at from the scaling between the two scalers, constituting conflicting evidence for the jury to determine. There was also a conflict as to when a certain modification of the original contract between the parties, for certain prices to be paid by appellant to respondent for certain classes of logs, was entered into. Respondent contended that it was to take effect on May 1, 1924, and that every time he met the officials of appellant he insisted that the pay for the logs should be on the basis of the modification from May 1, while appellant, according to the evidence of respondent, put respondent off by saying: "We'll fix it later. Go ahead and take the check now offered and we will fix the price later." There seems to have been disputes between them continually from April, 1924, until late in August, when the transactions ceased.

[1] Since there was a conflict in the evidence on these issues of fact, and no error of law occurring during the trial, it must be assumed that the trial court instructed the jury correctly, and that the jury followed its instructions. *Abby v. Wood,* 43 Wash. 379, 86 Pac. 558.

"The verdict should not be interfered with unless it appears affirmatively that it was the result of passion and prejudice, or so grossly exceeds a just award that this result must be presumed." *Kranzusch v. Trustee Co.,* 93 Wash. 629, 161 Pac. 492.

In this case, there was a margin for the jury to consider, under the evidence, of from nothing to over $7,000 in favor of respondent.

The allowance of $4,000 to respondent, in the absence of anything else to show passion and prejudice on the

part of the jury in this record, falls far short of so showing.

Since the trial court heard all of the evidence, saw all of the witnesses and denied the motion of appellant for a new trial, we would be very loath to interfere with its discretion, except in a case clearly justifying our interference. *Money v. Seattle, Renton & S. R. Co.,* 59 Wash. 120, 109 Pac. 307; *Hillis v. Kessinger,* 88 Wash. 15, 152 Pac. 687, Ann. Cas. 1917D 757; *Payzant v. Caudill,* 89 Wash. 250, 154 Pac. 170; *Ziomko v. Puget Sound Elec. Co.,* 112 Wash. 426, 192 Pac. 1009.

[2] On the question of accord and satisfaction, the conflicting evidence on behalf of the parties was resolved in favor of respondent. In a case where the trial judge found that, notwithstanding the form of the voucher checks which had been executed and delivered by one party to the other, and asserted that they had been received with the understanding on the part of the payee that the difference existing between the parties was to be settled later on, we sustained the trial court in holding that the voucher checks so delivered, and the acceptance thereof by the payee, did not constitute an accord and satisfaction. *Phelps Lumber Co. v. Bradford-Kennedy Co.,* 96 Wash. 503, 165 Pac. 376.

In the case at bar, the statements accompanying nearly all the checks, one of them being disputed by respondent as never having been delivered at all, were, according to the testimony of respondent, never accepted as payment in full of the amounts of deliveries represented on the statements, but were always objected to by him, upon which, in every instance, according to respondent, he was induced to take the check then offered with the promise that the dispute would be adjusted later.

Under that conflicting evidence, the jury was at liberty to find in favor of the party and witness in whom it placed the most reliance, and to decide that there never had been an accord and satisfaction. Upon this subject, see the following cases: *LeDoux v. Seattle North Pac. Shipbuilding Co.*, 114 Wash. 632, 195 Pac. 1006; *London Guar. & Acc. Co. v. Western Smelting & Power Co.*, 117 Wash. 568, 201 Pac. 914; *Ingram v. Sauset*, 121 Wash. 444, 209 Pac. 699; *Glenz v. Tacoma R. & P. Co.*, 125 Wash. 650, 216 Pac. 842.

This case does not come under the ruling in *Austin v. Union Lumber Co.*, 95 Wash. 608, 164 Pac. 245, relied upon by appellant, because, under the evidence offered by respondent herein, every time respondent received a statement from appellant he protested and claimed that it did not represent the true balance.

We are unable to say that the trial court abused its discretion in denying the motion for a new trial.

The judgment is therefore affirmed.

Tolman, C. J., Askren, Fullerton, and Bridges, JJ., concur.