[No. 16953.   Department One.   May 8, 1922.]

WALTER W. WICKMAN, by his Guardian ad Litem Erick Wickman, Respondent, v. L. FRED LUNDY et al., Appellants.

ERICK WICKMAN et al., Respondents, v. L. FRED LUNDY et al., Appellants.[1]

MUNICIPAL CORPORATIONS (381, 390)—USE OF STREETS—NEGLIGENCE—VIOLATION OF SPEED ORDINANCE. It is for the jury to determine whether defendant's speed was such as to make it impossible to stop, and contributed to the accident, where there was evidence that defendant, driving his car, saw plaintiff leave the sidewalk to cross the street and walk sixteen feet before he was struck.

SAME (390)—NEGLIGENCE—DUTY TO SOUND HORN—QUESTION FOR JURY. Evidence that a boy looked and saw no approaching automobile before starting across a street does not establish, as a matter of law, that it would have been useless for the driver to blow his horn.

SAME (383, 391)—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY. It is not contributory negligence, as a matter of law, for an eleven-year-old boy, before crossing a street, to fail to look for an approaching automobile the second time, although it might have been obscured by a nearby post when he looked the first time.

SAME (379, 380)—COLLISION—ORDINANCE—RIGHT OF WAY. A city ordinance giving vehicles the right of way between intersections does not make it unlawful to cross the street there, although it imposes a greater degree of care.

SAME (388)—USE OF STREETS—EVIDENCE—ADMISSIBILITY. Evidence of a custom to cross a street at a point between intersections, is not inadmissible as depriving drivers of the right of way under a city ordinance.

[1]Reported in 206 Pac. 842.

PLEADING (104)—COMPLAINT—AMENDMENT TO CONFORM TO PROOFS. It is not an abuse of discretion to allow a trial amendment to conform to the proof that an item for nursing at home, included in the bill of particulars, was incurred at a hospital.

Appeal from a judgment of the superior court for King county, Hill, J., entered July 15, 1921, upon verdicts of a jury rendered in favor of the plaintiffs, in consolidated actions for personal injuries sustained by a minor struck by an automobile. Affirmed.

*Reynolds, Ballinger & Hutson,* for appellants.
*Preston, Thorgrimson & Turner,* for respondents.

Bridges, J.—The defendant has appealed from a judgment for the plaintiff in a personal injury suit.

Walter W. Wickman, a boy eleven years of age, while in the act of crossing Rainier avenue, in the city of Seattle, was run into and injured by an automobile driven by appellant. The boy and his mother were intending to take a north-bound street car at the intersection of Rainier avenue and Walden street. They lived three or four blocks west and south of that intersection. The mother and boy left their home at the same time, but the boy was required to return to the house for some purpose and his mother proceeded to the crossing, leaving the boy to follow. The street car which they intended to take had stopped immediately south of the intersection of the two streets and was taking on passengers. At about this time, the boy came up the sidewalk on the westerly side of Rainier avenue, and when he got to a point nearly opposite the rear end of the car—which point was about sixty feet from the nearest intersection corner—he ran across the street for the purpose of approaching the street car from the rear, and it was while he was crossing the street he was injured.

Rainier avenue is a wide street, and has two street car tracks, both near the middle of the street. Between the street car tracks and the westerly sidewalk there was a brick pavement, some eighteen feet in width, upon which all vehicular traffic was carried. That portion of the street occupied by the street car tracks was unpaved, and that portion between the easterly rail of the street car tracks and the easterly sidewalk was laid with old planking and was rough. The appellant's automobile was being driven northerly along the paved portion of the street. It will thus be noticed that the boy was crossing the street at a point some fifty or sixty feet south of the intersection of Rainier avenue and Walden street. He brought suit, through guardians, to recover damages on account of his injury, and his parents also brought suit to recover for expenditures made by them during the treatment and care of their son. These cases were consolidated for trial, and in the first case there was a verdict in the sum of $3,000, and in the second case a separate verdict in the sum of $783.50. The cases were consolidated for purposes of appeal.

The negligence charged against the appellant is that he operated his automobile, at the time and place in question, at an unlawful and excessive rate of speed, and that he did not blow his horn or give other warning of his approach. On the contrary, the appellant charged the boy with contributory negligence. All of these questions were submitted to the jury.

The appellant first contends that the court erred in refusing to withdraw from the jury the question of the speed of his car, for the reason that the testimony showed that the speed had nothing to do with the injury. There was testimony from which the jury might have believed that, immediately before the collision,

the appellant's car was being driven at the rate of thirty miles an hour, which was in excess of that permitted by the ordinances of the city of Seattle; that the appellant saw the boy as he left the sidewalk to go onto the street; that he came onto the street suddenly; that he was running rather slowly, and that he had gone some sixteen feet on the street when he was hit. Appellant argues that the boy came onto the street so suddenly that there was no chance to avoid hitting him, regardless of the speed of the car. The jury had a right to believe that the automobile was going much faster than the boy was. Under these circumstances, the jury had a right to believe that, since the boy ran some sixteen feet after the appellant saw him enter the street, at that time the automobile was far enough away that it could have been stopped, or, at least, so checked as to avoid a collision. This is not a case where some one suddenly comes into the street directly and immediately in front of the automobile, as was the case in *Burlie v. Stephens,* 113 Wash. 182, 193 Pac. 684. Here the appellant had such time to stop or check the speed of his car, as the boy had to leave the sidewalk and travel some sixteen feet across the street. The appellant says he tried to stop but could not. Whether he was driving too fast to stop within this distance and time was a question for the jury.

Appellant seeks reversal on the ground that the court erred in refusing to withdraw from the jury the testimony tending to show that the horn was not sounded. His position is that the evidence conclusively shows that the failure to blow the horn had nothing whatever to do with the injury. The boy testified that, just before he left the sidewalk to cross the street, he looked to the south and in the direction from which the appellant's automobile was approaching, and not seeing any car, started across the street. It is argued by

the appellant that his car must have been in plain view of the boy when he says he looked, and that he must have seen it, and such being the situation, the blowing of the horn would have been useless. We cannot accept this view of the case. We must at all times remember that the person injured was a boy but eleven years of age. The rules of law applicable to persons of mature age and judgment are not necessarily applicable to a child. The appellant testified that he saw the boy standing on the sidewalk, looking out into the street, and, he thought, looking also at the approaching car. It was for the jury to determine whether, under these circumstances, it was the duty of the appellant to blow his horn, and thus give warning of his approach. The cases cited by the appellant in support of his view are those where the injured person testified that he saw the approaching vehicle. Here the boy says he looked but did not see the automobile. If appellant had sounded his horn, the boy might have heard it and the collision have been avoided.

Appellant next contends that there was no negligence on his part, and for that reason the court should have taken the case from the jury. What we have already said is sufficient to show that the court was justified in submitting the case to the jury on this question.

It is further claimed the case should have been taken from the jury because the testimony shows, as a matter of law, that the boy was guilty of negligence which materially contributed to his injury. In cases where children are involved, the question of contributory negligence is often close and difficult of decision. What would be negligence in a person of mature age and judgment might not be such in a child of immature judgment. Certainly cases have arisen and will arise where the court, taking into consideration the age of

the child, the character of his mind and all the surrounding circumstances, can say, as a matter of law, that there can be no recovery because of contributory negligence. No fixed rules of law or conduct can be laid down. Each case must rest on its own peculiar facts. The court can do nothing more than exercise its knowledge of the natural traits of the child mind—its innate impulsiveness and lack of caution, its ability to measure the risks involved. Whether a child of ten or twelve years is bound to look for approaching vehicles before going onto a street is a question on which the courts disagree. So far as we are advised, this court has not decided the question. We do not decide it here because we do not find it necessary so to do.

Let us look at the facts: the boy testified that he looked up and down the street before leaving the sidewalk. He says he did not see appellant's car. He thinks the reason he did not see it was that his vision was obscured by a telephone pole standing close by. But the appellant says that if the pole interfered it was the absolute duty of the boy to look after the pole ceased to interfere. But we cannot so hold. Such a rule might apply to one of mature mind, but it is too exacting to apply to a child. The appellant cites and quotes from many cases where the facts were very similar to those here, and where it was held that there could be no recovery because of contributory negligence. But those were cases where the person injured was of mature age and judgment. Under all the circumstances surrounding this case, we conclude that the question of contributory negligence was one for the jury.

What we have already said will serve to dispose of the appellant's argument that the injury was the result of a pure and simple accident, where no person was at fault.

The court, over the objection of the appellant, received certain testimony produced by the respondent to the effect that people intending to take the car at the intersection of the streets in question, often crossed the street south of the intersection and at the point where the respondent undertook to cross it.  Appellant contends that the receipt of this testimony was error because it tended to prove a custom which violated a city ordinance, and because it tended to take away from him the right of way given to him by the ordinance.  It has most generally been held that a pedestrian has a right, in the absence of a statute or ordinance forbidding, to use any portion of a street.  Our attention has not been called to any ordinance of the city of Seattle which prohibits or restricts such use.  The ordinance to which our attention has been called does nothing more than give the pedestrian the right of way at intersections and crossings, and vehicular traffic the right of way at other points in the street.  This, however, is far from forbidding pedestrians the use of streets between intersections.  It is probably true that a pedestrian who crosses the street between intersections has imposed upon him a greater degree of care because of the right of way given to vehicles.  But the fact remains that the pedestrian has a right to cross the street at places other than intersections.  The testimony objected to did not tend to give the boy any greater rights than the law gave him.  Nor did the receipt of this testimony tend to take away from appellant the preference right given by the ordinance.  If people were in the habit of crossing the street at a place other than the intersection, they were doing what they had a lawful right to do, and the right of way given to appellant still existed.  While the testimony was probably immaterial, we cannot see that it was prejudicial.

On the demand of the appellant, the respondent's father and mother filed a bill of particulars wherein they showed that they had been at an expense of $200 "incurred for nursing at home." The testimony tended to show that this expenditure was incurred for nursing at the hospital, and they were permitted to amend their complaint to conform to this proof. The appellant claims the court erred in allowing the complaint to be so amended over his objection. He has not shown us how he was prejudiced by this amendment, and we hold the court did not abuse its discretion.

Judgment affirmed.

PARKER, C. J., FULLERTON, MITCHELL, and TOLMAN, JJ., concur.