[No. 19395.  *En Banc.*  June 22, 1926.]

A. H. SASSE, *Respondent,* v. HALE MORTON TAXI AND AUTO COMPANY et al., *Appellants.*[1]

[1] MUNICIPAL CORPORATIONS (378, 392)—NEGLIGENT USE OF STREETS —LIABILITY FOR INJURIES—INSTRUCTIONS. In an action for wrongful death of a child, run over by a taxicab driver, error cannot be assigned upon an instruction as to the last clear chance to avoid the accident, where there is no possible question as to the facts on which it was based.

[2] DEATH (37)—DAMAGES—EXCESSIVE VERDICT. Passion and prejudice cannot be inferred from a verdict for $3,833.50 for the wrongful death of a girl, nine years of age, in robust health, and of average intelligence and capacity.

Appeal from a judgment of the superior court for Whatcom county, Brown, J., entered January 12, 1925, on the verdict of a jury rendered in favor of the plaintiff, in an action for wrongful death. Affirmed.

*Dan F. North,* for appellants.

*George Downer* and *Sather & Livesey,* for respondent.

MITCHELL, J.—This action was brought to recover damages for the wrongful death of plaintiff's minor child, Marjorie Sasse, nearly nine years of age, alleged to have been caused by the negligent driving of a taxicab belonging to the Hale Morton Taxi and Auto Co., a corporation, on High street in the city of Bellingham. The defense was contributory negligence. The defendants have appealed from a judgment on the verdict of the jury in favor of the plaintiff.

The evidence of negligence against the taxicab company, and that of contributory negligence on the part of the child, were submitted to the jury under full and

[1]Reported in 246 Pac. 940.

complete instructions by the court, and notwithstanding the contention of the appellants to the contrary, there was ample evidence of negligence on the part of the driver in the employment of the taxicab company to take the case to the jury.

The street, running northerly and southerly, was paved twenty-four feet between the curbs. At the point in question, it has considerable down grade towards the north. The child and two girl companions were walking southerly up the hill, along the sidewalk on the easterly side of the street, bouncing a ball. The taxicab driver was going northerly down the hill. From a distance of more than two hundred feet, he observed the children approaching, bouncing the ball on the sidewalk, which is flush with the curb on that side of the street. There was no other traffic on the street. A car was parked against the right-hand curb, according to the driver's testimony about midway between him and the children, when he first saw them. The ball bounded out on the street, rolled across it to the west and down the hill towards the north, the direction the taxicab was being driven. Marjorie ran after the ball. The taxicab driver, travelling down the hill at a speed of from thirty to forty miles an hour, took the thread of the street to pass the parked auto and continued that course until, an appreciable distance beyond the parked car, estimated by some of the witnesses thirty or forty feet, he veered to the left and ran over the girl at, near, or on the curb on the west side of the street, at a point about sixty feet from where he left the thread of the street; and after striking the child, the taxicab continued on over the sidewalk down an embankment on to private property, on the west side of the west sidewalk. The speed limit for automobiles at the point in question was twenty

miles an hour, under both the state law and an ordi-
nance of the city.

[1]   The jury was instructed in effect that, if they
found the child was negligent, it would not defeat the
right of the father to recover, if such negligence had
terminated before she was struck by the taxicab, or
had culminated in a situation from which she could
not avoid injury by the exercise of ordinary care with-
out the cooperation and care on the part of the driver,
and that the driver, by keeping a vigilant lookout,
could have seen her danger in time to have avoided
injury by the exercise of reasonable care on his part
by stopping his car, changing his course, or taking
other reasonable precautions warranted by the circum-
stances, and that he negligently failed to keep such
lookout or to exercise such care. This instruction is
complained of. Whether the instruction as given is
abstractly correct or not under the circumstances, it
can not be said to have possibly prejudiced the rights
of the appellants, in view of the fact that the taxicab
driver did actually see the girl's peril prior to, and up
to, the time of the injury, and in view of the further
fact that there was credible disinterested testimony
to the effect that the child had run clear across the
street to the gutter, run along it as though she were
after a ball, picked up something, stood up, screamed
and was struck.

[2]   A further contention made by the appellants
is that the verdict is excessive. It is in the sum of
$3,833.50, in addition to $574 costs and expenses of
physicians, hospital and burial. Appellants rely on
*Tecker v. Seattle, Renton & S. R. Co.*, 60 Wash. 570,
111 Pac. 791, Ann. Cas. 1912B 842, and *Blair v. Kil-
bourne*, 121 Wash. 93, 207 Pac. 953. In the first case,
decided in 1910, a verdict for $2,500 was sustained for

the wrongful death of a boy six years of age. The *Blair* case was decided in 1922. The verdict was for $5,000, and reduced by suggestion of this court to $2,500, for the death of a nine year old son, who was a "healthy child of average intelligence." In several recent cases, including *Allison v. Bartelt,* 121 Wash. 418, 209 Pac. 863, attention has been called to the reduced purchasing power of money over what it was a few years ago. There is not, nor can there be, any fixed standard by which damages in cases of this sort can be ascertained and allowed, in the absence of legislative expression. In 1906, in the case of *Abby v. Wood,* 43 Wash. 379, 86 Pac. 558, a verdict for $2,160.20 was approved for the wrongful death of a child one year of age. In 1916, in the case of *Kranzusch v. Trustee Co.,* 93 Wash. 629, 161 Pac. 492, a verdict for $3,576 was held not to be excessive for the wrongful death of a son four years of age, in the absence of an affirmative showing of passion or prejudice. In the present case, the evidence shows that the deceased child was of robust health and that, "as understood by everybody, her intelligence and capacity generally was above that of the average child of her age." There is in the case no affirmative showing of passion or prejudice. It cannot be inferred from the amount of the verdict. *Sherrill v. Olympic Ice Cream Co.,* 135 Wash. 99, 237 Pac. 14.

Affirmed.

TOLMAN, C. J., PARKER, MAIN, FULLERTON, HOLCOMB, ASKREN, and BRIDGES, JJ., concur.