[No. 19928.  Department One.  October 18, 1926.]

WILLIAM D. PRITCHARD *et al.*, *Appellants*, v. WILBUR A. HOCKETT *et al.*, *Respondents*.[1]

[1] MUNICIPAL CORPORATIONS (379, 389)—STREETS—NEGLIGENT USE—INJURY TO CHILD IN STREET—EVIDENCE—SUFFICIENCY. The driver of an automobile is guilty of negligence, as a matter of law, in failing to see, in the day time, on a street on which there was no traffic, a boy meeting him and crossing the street diagonally, until he was in front of the car and only three or four feet away, when he could have stopped his car or avoided injury if he had seen him only ten feet away.

[2] NEGLIGENCE (22)—CONTRIBUTORY NEGLIGENCE—CHILDREN.  A child eight or nine years old is not guilty of contributory negligence, as a matter of law, in crossing a street diagonally in front of a slowly approaching automobile, in plain view, with no other traffic on the street, where it is not improbable that he thought he had ample time to cross over.

Appeal from a judgment of the superior court for Spokane county, Lindsley, J., entered December 2, 1925, dismissing an action for personal injuries, upon granting a non-suit. Reversed.

*Luby & Pearson*, for appellants.
*Kimball & Blake*, for respondents.

BRIDGES, J.—By this action the plaintiffs sought to recover the amount of certain surgical and hospital bills alleged to have been necessarily paid by them because of the injury done to their minor child by being struck by defendants' automobile.  The case was tried to the court without a jury, and after the plaintiffs' testimony had been produced, upon the motion of the defendant, the court granted a non-suit and dismissed the action.

[1]Reported in 249 Pac. 989.

The injury occurred on Mission avenue in the city of Spokane. That street runs easterly and westerly and has a forty-foot pavement extending from curb to curb. On the southerly side of the avenue is a children's playground which has more or less shrubbery, some of which extends out to near the street curb. At the time of the injury, there were no pedestrians, automobiles or other vehicles on the street in the vicinity where the collision occurred, except the defendants' automobile and plaintiffs' eight year old child. The defendants were driving easterly on Mission avenue, the car being located some five or six feet from the southerly curb and going at the rate of ten to twelve miles an hour. At the same time, plaintiffs' son was going westerly, or in the direction from which the automobile came, in a boy's coaster wagon. It was being driven close to the northerly curb of the street. The boy had propelled his wagon for some distance along the street and then started across in a diagonal direction towards the southerly side thereof and towards the playground. He was passing in front of the defendants' auto and had nearly cleared it, the right hand fender of the auto striking the child and injuring him severely. The accident occurred in the daytime.

We are unable to look at this case as did the learned trial court. It seems to us that the testimony shows that the respondents were guilty of negligence in the manner in which they operated their auto, and that the child cannot be charged with contributory negligence.

[1] The respondents testified that they did not see the child and his coaster wagon, either while he was going along near the northerly curb of the avenue, or while he was going diagonally across the street, until he was in front of them and only three, four or five feet away from the auto. It is our view that it was the duty of the driver of the auto to have seen the boy and his

wagon as they were running along close to the north-
erly curb, and particularly should he have seen him
when he turned from the curb and went diagonally
across the street in front of the auto. There was no
other traffic on the street to distract the attention of
the driver. A glance by him up the street must have
shown him the presence of the child, and, having seen
him, he was bound to know that a child of the age of
this one might undertake to cross the street in front of
him. It is inconceivable to us that if the driver of the
auto was on the look-out, as the law requires of every
driver of an auto, he would not have seen the child
when he started across the forty-foot paved street;
and, having seen him, it was, of course, his duty to
have appreciated the danger and to have stopped his
auto, or at least turned it so as to avoid the collision.
Even if respondents had seen the child in his wagon
when only ten feet away from the front of the auto,
they must have realized the danger and would have
had plenty of time, going at the slow speed they were
driving, to have stopped their car and avoided the in-
jury. It, therefore, seems clear to us that the respond-
ents were guilty of negligence.

[2] The only remaining question is that of the
alleged contributory negligence of the boy. He was
between eight and nine years old. He went to school.
He had the average intelligence and experience of a
child of his age. It may be that a boy of that age can,
and under some circumstances should be held to be,
guilty of contributory negligence, but the rule of care
required of a person of mature mind and experience
ought not and is not required of a child of the age of
the one in question. *Roberts v. Spokane Street R. Co.*,
23 Wash. 325, 63 Pac. 506, 54 L. R. A. 184; *Olson v.
Payne*, 116 Wash. 381, 199 Pac. 757; *Wickman v.
Lundy*, 120 Wash. 69, 206 Pac. 842. It is well known

by every person who drives an auto that a child of that age is more or less reckless and unappreciative of the dangers about him. Whether a minor has, under certain facts, been guilty of contributory negligence depends largely on his age, his intellect and his experience. In this case, the boy did not remember anything about the accident and therefore could not tell what he had in mind when he undertook to cross the avenue. It is not at all improbable that he thought he had ample time in which to cross the street without colliding with the auto. On matters of this kind, it would not do to place upon a child of eight or nine years the burden of having such an accurate judgment in such matters as the law would impose on one who is older and more experienced. This is not a case where the child darted out from behind some auto or other obstruction immediately in front of an oncoming auto, where its driver is not given time or opportunity to stop or swerve his car. Under the facts of this case we cannot say that the boy was guilty of contributory negligence. We are of the opinion that the court erred in non-suiting the case.

The judgment is reversed, and the cause remanded for a new trial.

TOLMAN, C. J., HOLCOMB, MITCHELL, and FULLERTON, JJ., concur.