[No. 26258. Department One. December 14, 1936.]

DOREEN BARLOW, *a Minor, by Dorothy Barlow, her Guardian ad Litem, et al., Respondents,* v. PETER DEREIKO *et al., Appellants.*[1]

*Attwood A. Kirby,* for appellants.

*Kumm & Garbe* and *Orville C. Hatch, Jr.,* for respondents.

BLAKE, J.—This is an action for damages on account of injuries sustained by plaintiff Doreen Barlow, as the result of a collision with defendants' automobile. The collision occurred on Sunset highway within the corporate limits of the town of Issaquah, at a point about three hundred feet west of the intersection of the highway with Front street—the principal cross street of the town. From Front street, the highway extends westerly on a tangent for more than a thousand feet. The pavement, twenty feet wide, is flanked on each side by twelve-foot parking strips, which in turn are flanked by concrete sidewalks six feet wide.

[1] Reported in 63 P. (2d) 371.

The accident occurred mid-afternoon of September 17, 1935. The defendant Peter Dereiko was driving west through the town on the north side of the pavement. The plaintiff Doreen Barlow, who was then six years of age, was crossing the highway from south to north. When defendant first observed her, she was running, and had reached a point on the pavement four to six feet in front of his car and a like distance to the south. He swerved to the right. Plaintiff ran into the side of the car near the left rear fender.

Among the charges of negligence against defendant were excessive speed, failure to have the car under control, and failure to keep a proper lookout. Defendant denied negligence and interposed the defense of contributory negligence.

The cause was tried to the court, which found defendant guilty of negligence in the particulars above enumerated. From judgment for plaintiff, defendant appeals.

There are but two questions raised on the appeal: (1) Does the evidence sustain the findings as to negligence? (2) Was such negligence the proximate cause of the injury?

We think both questions must be answered in the affirmative. The clear preponderance of the evidence is that appellant was driving much in excess of twenty-five miles an hour. We think the evidence would warrant a finding that he was driving at thirty-five miles an hour. A car of the type he was driving, going at twenty-five miles an hour, could have been stopped in fifteen feet. If appellant had been traveling within the speed limit, and had he been keeping a reasonably proper lookout, he could have observed respondent as she approached the pavement from the sidewalk on the south side of the highway.

He seeks to excuse his failure to sooner observe her

because of weeds and ferns which were growing in the parking space between the pavement and the sidewalk. There were two telegraph poles near the inner margin of the south sidewalk, and there was a sign post in the parking strip midway between these poles and the pavement. The testimony varied as to the height of the undergrowth about these poles and in the parking strip generally. We think, however, that it was not sufficiently high at any point to obscure his view of the child, had he been keeping a reasonably careful lookout. Certainly, the situation does not call for the application of the rule of *Haydon v. Bay City Fuel Co.,* 167 Wash. 212, 9 P. (2d) 98, where we held that the driver of a truck, going at a lawful rate of speed, was not negligent in running down a boy who darted from behind a large mail box directly into the path of the truck.

This case rather falls within the rule of *Franey v. Seattle Taxicab Co.,* 80 Wash. 396, 141 Pac. 890; *Wickman v. Lundy,* 120 Wash. 69, 206 Pac. 842; *Sasse v. Hale Morton Taxi & Auto Co.,* 139 Wash. 359, 246 Pac. 940; and *Pritchard v. Hockett,* 140 Wash. 499, 249 Pac. 989. There is much similarity, in point of fact, between this and the last cited case. There, however, the driver of the car was traveling at a lawful rate of speed. Notwithstanding that fact, the court said:

"A glance by him up the street must have shown him the presence of the child, and, having seen him, he was bound to know that a child of the age of this one might undertake to cross the street in front of him. It is inconceivable to us that if the driver of the auto was on the look-out, as the law requires of every driver of an auto, he would not have seen the child when he started across the forty-foot paved street; and, having seen him, it was, of course, his duty to have appreciated the danger and to have stopped his auto, or at least turned it so as to avoid the collision. Even if respondents had seen the child in his wagon when only

ten feet away from the front of the auto, they must have realized the danger and would have had plenty of time, going at the slow speed they were driving, to have stopped their car and avoided the injury. It therefore, seems clear to us that the respondents were guilty of negligence.

"The only remaining question is that of the alleged contributory negligence of the boy. . . . It is well known by every person who drives an auto that a child of that age is more or less reckless and unappreciative of the dangers about him. . . . On matters of this kind, it would not do to place upon a child of eight or nine years the burden of having such an accurate judgment in such matters as the law would impose on one who is older and more experienced. This is not a case where the child darted out from behind some auto or other obstruction immediately in front of an oncoming auto, where its driver is not given time or opportunity to stop or swerve his car. Under the facts of this case we cannot say that the boy was guilty of contributory negligence."

We are satisfied that the findings of negligence are supported by a preponderance of the evidence, and that such negligence was the proximate cause of respondent's injuries. Had appellant been traveling at a lawful rate of speed, and had he been keeping a reasonably careful lookout, he could have stopped in time to have avoided the accident.

Judgment affirmed.

MILLARD, C. J., MAIN, STEINERT, and GERAGHTY, JJ., concur.