[No. 2671. Decided December 7, 1897.]

J. H. ALLEN, *Respondent,* v. THE TACOMA MILL COMPANY, *Appellant.*

PAROL EVIDENCE — RECEIPTS — PURCHASE OF LOGS — RIGHT TO UN-
SCALED LOGS — CONSTRUCTION OF CONTRACT.

A receipt for money does not fall within the rule that written contracts cannot be varied or contradicted by parol, and its terms are always open to explanations, and even contradiction.

The purchaser of a raft of logs upon a scale of logs accepted and paid for, is not entitled to retain other logs in the raft,

known as culls, which were not scaled nor paid for, in the absence of an agreement that the price paid for the raft was to include culls as well as merchantable logs.

Appeal from Superior Court, Pierce County.—Hon. THOMAS CARROLL, Judge. Affirmed.

Action to recover the value of certain saw logs and boom-sticks converted by defendant to its own use. Under a contract to sell defendant a quantity of good, merchantable fir saw logs, plaintiff's assignor delivered at defendant's mill a raft of logs which were scaled by defendant, and out of a total number of 489 logs, 364 were scaled and accepted, and certain cedar logs, fir logs and boom sticks were rejected. The 364 accepted logs scaled 227,128 feet, and that quantity of logs was paid for at an agreed price, the receipt given by the seller reciting that it was "in full settlement of all claims and demands for all logs contained in raft received and scaled by said company on November 19, 1895." At the time this receipt was signed the parties had before them a statement of the scale which showed the number of logs that were scaled and accepted, and the number that were unscaled and rejected. After signing the receipt, plaintiff's assignor demanded of defendant the logs which were unscaled and rejected. To this demand defendant replied that it had never heard of such a thing as returning culled and rejected logs. Later the claim for the logs was assigned to plaintiff, and, from a judgment in his favor for the value of the logs, defendant appeals.

*Crowley & Grosscup*, for appellant.
*Allen & Allen*, for respondent.

The opinion of the court was delivered by

GORDON, J.—This was an action brought to recover the value of certain saw logs and boom sticks, the property of

plaintiff's assignor, which the complaint alleges the appellant (defendant below) converted to its own use. In addition to denying the allegations of the complaint, the answer affirmatively alleged that the plaintiff's assignor sold defendant a raft of logs containing 227,128 feet for the sum of $988, and that the same included the logs described in the complaint. That a settlement was had between the parties in relation to said logs, including the logs in the complaint described, and that upon such settlement the sum of $988 was found due the plaintiff's assignor, which sum was paid in full settlement of all claims and demands for and on account of said logs. The case proceeded to trial and a verdict and judgment was rendered in plaintiff's favor, from which defendant has appealed.

On the trial defendant introduced in evidence the following exhibit:

"Tacoma, November 25th, 1895.

"Received from Tacoma Mill Company nine hundred and eighty-eight dollars, being in full settlement of all claims and demands for all logs contained in raft received and scaled by said company Nov. 19th, and we hereby accept the scale of the Tacoma Mill Company on said logs, which is 227,128 feet.

"Hood's Canal Lumber Company,

"By A. J., Pres."

The evidence being all in, counsel for appellant requested the court to give the following instruction:

"Upon the evidence in this case, your verdict must be for the defendant, and you are directed to find such verdict."

The refusal to give such instruction is assigned as error. The following instruction was also requested by appellant:

"The instrument in writing introduced in evidence signed by the Hood's Canal Lumber Company, by A. J. Baker, President, is a release and settlement for all the logs in the raft therein mentioned, and in the absence of fraud it

must be considered by the jury as a release of all claim on the part of the said Hood's Canal Lumber Company and the plaintiff."

The court also refused to give this instruction, and such refusal is assigned as error.

These instructions raise but one question, and the case turns upon it. It is the contention of the appellant that the exhibit introduced constituted a contract; that the execution of it being established its construction became a question for the court; and that it was not attacked upon any ground recognized by the law as sufficient to set it aside. We think counsel are mistaken as to the character of the instrument. In our opinion it is a mere receipt, and as such, parol evidence was admissible to explain its provisions.

". . . for a receipt is not evidence of a contract, but of payment, and it has always been permitted to show that something short of the actual terms of the receipt was intended; it being conclusive only as to the amount of money paid, and not even for that, provided any mistake can be shown to have taken place in the adjustment between the parties." *Stackpole v. Arnold*, 11 Mass. 27 (6 Am. Dec. 150). See, also, *Brooks v. White*, 2 Metc. 283 (37 Am. Dec. 95); *Bridge v. Gray*, 14 Pick. 55 (25 Am. Dec. 358); *Shotwell v. Hamblin*, 23 Miss. 156 (55 Am. Dec. 83).

The rule that permits receipts to be explained or even contradicted by parol evidence in no wise conflicts with the rule upon which appellant's contention is based, viz., that oral testimony is not admissible to vary or contradict a written contract. It was not error for the court to charge the jury that culls, or logs contained in a raft which are refused by the purchaser and not paid for, are not to be included in the price paid for the raft.

We think the case was fairly tried and properly submitted, and the judgment appealed from must be affirmed.

SCOTT, C. J., and DUNBAR, ANDERS and REAVIS, JJ., concur.