[No. 8809.    Department One.    January 26, 1911.]

Mons Gronning, *Respondent*, v. Elliott Bay Mill & Lumber Company, *Appellant*.[1]

EVIDENCE—PAROL EVIDENCE—RECEIPT—CONTRACT. A mere receipt for money paid is not a contract or conclusive, and parol evidence of overpayment is admissible without showing fraud, coercion or mutual mistake.

SALES—CONTRACTS—EVIDENCE—ADMISSIBILITY. Upon an issue as to the price of logs fixed by the contract of sale, evidence of the market value at the time of sale, and the cost of towing, delivery, etc., is admissible as tending to show the reasonableness and probability of the several contentions of the parties; but evidence of the price paid on a specific sale a few days before is inadmissible.

SAME. Upon a contract to pay for logs certain prices for specified grades, entered into before the logs had been inspected, evidence of the quality or grade of the logs is inadmissible to show the improbability of the contract.

Appeal from a judgment of the superior court for King county, Gay, J., entered January 14, 1910, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract. Affirmed.

[1]Reported in 112 Pac. 937.

*Blaine, Tucker & Hyland (James B. Kinne,* of counsel), for appellant.

*George Olson (Edward Judd,* of counsel), for respondent.

FULLERTON, J.—The respondent, Mons Gronning, entered into a contract with the appellant, Elliott Bay Mill & Lumber Company, by the terms of which he agreed to sell it certain saw logs then owned by him located near Hoodsport, in this state. The contract was made in Seattle, at the office of one George Olson, then acting as the attorney for the respondent. At that time the officers of the appellant had not seen the logs, but agreed to take them at the then going price of the log dealer's association, less a certain discount. It is conceded that the association at that time divided saw logs into three grades, known as No. 2, merchantable, and clear, and that the association price for the several grades was six dollars per thousand feet for No. 2, nine dollars per thousand feet for merchantable, and twelve dollars per thousand feet for that denominated clear. It is agreed also that the logs scaled a given quantity of each of the several grades, and that they were duly delivered and received by the appellant. The dispute that gives rise to this action is over the amount of the discount that was agreed to be allowed from the association price. The respondent contends that the discount was to be twenty-five cents on each one thousand feet of logs as shown by the scalers' report of quantities, plus two per centum off for cash; while the appellant contends that the discount was to be twenty-five per centum off the purchase price as determined by the scalers' estimates of quantities, plus two per centum off for cash, or a total, as they estimate it, of twenty-seven per centum less than the price would have been had there been no discount from the association price.

After the logs had been scaled and delivered, the appellant made a statement of the quantities and price in each grade, deducted from the total thereof the discount as contended for by it, and presented the statement with its notes for the

balance to Olson, who, in his capacity as respondent's representative, accepted the notes and receipted the statement. A day or two later the respondent discovered that the discount deducted was not in accord with his understanding of the contract, and brought the present action to recover the difference between the discount as he estimated it and that deducted by the appellant. On the trial the jury returned a verdict in his favor and judgment was entered thereon, from which this appeal was taken. ·

The appellant first assigns error on the rulings of the court allowing the respondent to question the conclusions of the receipt given at the time payment for the logs was made, on grounds other than fraud, coercion, or mutual mistake. The argument is that the receipt constitutes a written contract between the parties, conclusive and binding upon them until set aside on some equitable ground recognized as sufficient to avoid the solemn written agreement of parties. But the appellant mistakes the nature of this receipt. It was in no sense an agreement between the parties. It did not purport to settle any differences between them. It was an acknowledgment of the payment of a given sum of money on a particular account, nothing more. It did not even recite that the payment was in fact of any particular account, or for any balance due from the one to the other. While it was *prima facie* evidence that the respondent received from the appellant on the day named a given sum of money, it was not conclusive evidence even of that fact, much less was it conclusive evidence that no other or further sum was due. The effect of a receipt in full of all claims and demands arising on account of certain dealings between the parties, given by one party to another, is discussed by this court in *Allen v. Tacoma Mill Co.*, 18 Wash. 216, 51 Pac. 372. In that case we held that even such a receipt could be explained by parol evidence, this language being used:

"It is the contention of the appellant that the exhibit introduced constituted a contract; that the execution of it being

established its construction became a question for the court; and that it was not attacked upon any ground recognized by the law as sufficient to set it aside. We think counsel are mistaken as to the character of the instrument. In our opinion it is a mere receipt, and as such, parol evidence was admissible to explain its provisions, '. . . . . . for a receipt is not evidence of a contract, but of payment, and it has always been permitted to show that something short of the actual terms of the receipt was intended; it being conclusive only as to the amount of money paid, and not even for that, provided any mistake can be shown to have taken place in the adjustment between the parties.' *Stackpole v. Arnold,* 11 Mass. 27 (6 Am. Dec. 150). See, also, *Brooks v. White,* 2 Metc. 283 (37 Am. Dec. 95); *Bridge v. Gray,* 14 Pick. 55 (25 Am. Dec. 358); *Shotwell v. Hamblin,* 23 Miss. 156 (55 Am. Dec. 83).

"The rule that permits receipts to be explained or even contradicted by parol evidence in no wise conflicts with the rule upon which appellant's contention is based, viz., that oral testimony is not admissible to vary or contradict a written contract."

The appellant argues, however, that this case was modified by the later case of *Sherman v. Sweeny,* 29 Wash. 321, 69 Pac. 1117. But in that case the so-called receipt was a part of a contract of settlement between the parties, entered into for the purpose of. adjusting the differences between them growing out of a sale of a mine, and the receipt could not be set aside without in effect vacating the contract of settlement. It is not so in the case at bar. Here there was no special contract of settlement.

The court admitted evidence tending to show the market value of logs at the time of the sale as compared with the association price, and the cost of towing them from the place of delivery to the appellant's sawmill at Seattle, on the theory that these facts tended to show the reasonableness of the several contentions of the parties, and the probability that a person would enter into such a contract as the parties severally contended was entered into in this instance. Evidence of this character was allowed to go to the jury without objec-

tion; in fact, evidence bearing thereon was tendered by each of the parties. The appellant, however, offered to show the price paid for a specific boom of logs purchased by it some few days before the contract was entered into with the respondent. This evidence the court excluded, we think, correctly. Evidence of the market price of logs at the place of delivery at the time the contract was entered into was admissible as tending to show the probability or improbability of the several contentions of the parties as to what the contract actually was, but a specific sale would throw but little if any light upon the question. The market value of logs at that time was the only material question, and a single sale, unless it be made in open market and under the ordinary conditions, affords no evidence of market value. Whether or not the sale was so made was not shown.

The court refused to admit evidence tending to show the quality of the logs delivered under the contract, which also is assigned as error. The purpose of the evidence was, as counsel state, to show the improbability of the appellant's contracting to pay for logs of this grade the prices contended for by the respondent. But the contract was made before the appellant had inspected the logs, it agreeing to pay a fixed price for the several grades as the scaler should report them. It would hardly seem, therefore, that the quality of the logs could in any manner have affected the contract.

The other assignments of error are but different forms of the assignments already noticed, and need no separate consideration.

The judgment is affirmed.

RUDKIN, GOSE, PARKER, and MOUNT, JJ., concur.