[No. 13770.  Department One.  May 23, 1917.]

PHELPS LUMBER COMPANY, *Respondent*, v. BRADFORD-
KENNEDY COMPANY, *Appellant*.[1]

EVIDENCE—PAROL EVIDENCE TO VARY WRITING—RECEIPTS. "Vouch-
er checks" by which payments were made for shipments received,
reciting that they were in full settlement of the account referred to,
do not fall within the rule that written contracts cannot be varied
or contradicted by parol evidence.

Appeal from a judgment of the superior court for Spo-
kane county, Hugo E. Oswald, judge *pro tempore*, entered
March 22, 1916, upon findings in favor of the plaintiff, in an
action on contract, tried to the court.  Affirmed.

*Zent & Powell*, for appellant.

*Danson, Williams & Danson (George D. Lantz*, of coun-
sel), for respondent.

CHADWICK, J.—Respondent, a dealer in fence posts, con-
tracted with appellant, whose principal office is at Omaha,
Nebraska, to furnish posts in carload lots.  The posts were
shipped by respondent, upon the order of appellant, to vari-
ous places throughout the middle west where it had found
customers.  The transactions between the parties ran over a
period of more than two years.  Differences growing out of
rejections by customers, and shortages and other like items
arose between the parties, so that in April, 1915, respondent
claimed there was due him from appellant a balance of
$498.81.

Appellant pleads accord and satisfaction.  The trial judge
rejected a part of respondent's claims and rendered judg-
ment for $262.16.  Payments were made by what are called
by counsel voucher checks.  These checks were upon printed
forms.  Each of them reciting:  "In full settlement of ac-
count below."  Below is a ruled space for items.  In this

[1]Reported in 165 Pac. 376.

space is written: "As per statement No......., $......."
Each shipment was a separate transaction, and each voucher
contained a different statement number and a different
amount. The voucher checks also contain the following
words following the signature of the payee:

"Endorsement of this voucher check constitutes acknowl-
edgment by payee of full payment of the account specified
hereon. Void if altered or erased in any way. Return to
payor if not correct."

The trial judge found that, notwithstanding the form of
these voucher checks, they had been received with an under-
standing on the part of the payee that the differences exist-
ing between the parties were to be settled later on, and that
as to some of the items the appellant itself had taken the posi-
tion that the checks were not final as between the parties.

Appellant has filed a very able brief to sustain its conten-
tion, but we are unable to distinguish the case from that of
*Allen v. Tacoma Mill Co.*, 18 Wash. 216, 51 Pac. 372, and
without further discussion, we rest the law of the case upon
that authority.

Having in mind the authority cited, we think that the
words following the signature of the payee are no more than
a statement on the part of the drawer of the check of its con-
ception of the legal effect of receiving and indorsing the
voucher check. The controlling words, if any, are those
printed as a part of the body of the check, to wit: "In full
settlement of account below."

As for the facts, we are not prepared to say that the find-
ings of the trial judge are not sustained by a preponderance
of the testimony.

Affirmed.

ELLIS, C. J., MORRIS, MAIN, and WEBSTER, JJ., concur.