[No. 14996. Department One. January 10, 1919.]

F. E. LANGFORD, *Appellant,* v. FRED PRINGLE, *Administrator etc., Respondent.*[1]

ATTORNEY AND CLIENT (44)—COMPENSATION—PERFORMANCE OF SERVICE—EVIDENCE—SUFFICIENCY. In an action to recover attorney's fees agreed to be paid in the sum allowed by the court for the foreclosure of mortgages, evidence to the effect that the mortgagee was to be given a little time in case he was compelled to bid in the property, does not warrant denial of recovery for the full amount.

EVIDENCE (153)—PAROL TO VARY WRITING—RECEIPTS. A receipt is not a written contract within the rule against parol evidence, and may be explained or contradicted by parol.

Appeal from a judgment of the superior court for Spokane county, Hurn, J., entered March 30, 1918,

[1]Reported in 177 Pac. 731.

upon findings in favor of the defendant, in an action on contract, tried to the court. Reversed.

*Lucius G. Nash,* for appellant.
*Rosenhaupt & Grant,* for respondent.

MITCHELL, J. — George Pringle, in his lifetime, through an agent, employed appellant as an attorney to foreclose certain mortgages and to transact other legal business for him. His compensation in each of the mortgage foreclosure cases was to be the same as the amount which the court should fix as a reasonable attorney's fee in the decree of foreclosure, under the terms of the mortgage, provided, however, there was to be an advance partial payment in cash of $25 on each of such attorney's fees.

Appellant conducted six foreclosure suits wherein varying amounts, determined reasonable attorney's fees, totaled $1,000. He was paid $25 at the commencement of each suit. In addition to the foreclosure suits, he conducted a writ of assistance proceeding against a tenant of one of the properties at the agreed price of $50.

George Pringle died, and respondent, Fred Pringle, was appointed and qualified as administrator of his estate. Appellant presented his duly verified creditor's claim in the sum of $1,050, credited by $150, to the administrator, who disallowed it. Appellant sued, and the superior court, on the trial, made findings and entered judgment allowing balance due on fees claimed in four of the foreclosure suits in the sum of $500, but denied the claim for balance due on fees in the other two foreclosure suits in the sum of $350, and also denied the fee for the writ of assistance case in the sum of $50. Exceptions were taken by appellant to ad-

verse findings, and this appeal is prosecuted to recover the full amount sued for.

The only witnesses at the trial were appellant and Fred K. McBroom, who had acted as agent for George Pringle. At the time of placing the first of the mortgages with appellant for suit, there was some talk, not amounting to a definite understanding, between him and McBroom, the agent, for leniency on appellant's part as to the time of payment of fees, other than the nominal cash payment of $25, to the effect that the balance of the fees would be paid when the property involved, or some of it, was sold to a person other than Pringle, or redeemed, so as to save Pringle, a money lender, from advancing what was spoken of as new or live money. Pringle became the purchaser at each of the foreclosure sales. In those cases in which the court disallowed appellant his fees, it does not appear that Pringle ever realized any cash from a redemption sale or trade of the properties involved and which had been purchased by him at sheriff's sale. There was no question as to the amount appellant was entitled to, only he was not yet entitled to recover as the court understood the contract. An examination shows the trial court's finding was contrary to the evidence. Appellant's understanding was the same as that of McBroom, who testified as follows:

"A. He was to get $25 and we were to pay the costs, and in the final settlement he was to get the attorney's fee provided in the mortgage or allowed by the court; I assume the court would allow the attorney's fee provided in the mortgage; that is what he was to get. Q. No more and no less? A. That is what he was to get. Q. When was he to get this? A. Well, he was to get it as soon as we got around to pay it to him and we were going to stand him off as long as we could, unless we disposed of the property, unless the property was redeemed or paid, we would pay him. Q. Then,

as a matter of fact, it was simply giving Mr. Pringle
a little time to pay these amounts of attorney's fees?
A. That is what it amounted to.    Q. That is all it
amounted to?    A. Yes.''

The court further decided that appellant could not
recover on two of his charges because of receipts he
had given purporting to be in full for services in those
cases.    In the first place, counsel for respondent at
the trial admitted the amounts of the fees were cor-
rectly alleged, while his answer contains no affirmative
plea of payment.    Again, the receipts are explained
as being ''in full'' only for the advance or nominal
fee of $25, by both witnesses.    Mr. McBroom's testi-
mony as to each was as follows:

''Q. Did you know that on one of those receipts it
said 'in full' at the time it was executed?    A. No, I
see it now, but I do not remember ever noticing that
at all, but that is what it meant, it meant in full ac-
cording to our agreement, cost and $25.''

Respondent contends that the evidence explaining
the receipts was inadmissible as varying the terms of
a written contract.    Such is not the law.    A receipt
is not a contract, and even if it purports to be in full
of all claims and demands, it is not conclusive to that
effect and parol evidence is admissible to explain or
even contradict it.    *Allen v. Tacoma Mill Co.*, 18 Wash.
216, 51 Pac. 372; *Gronning v. Elliott Bay Mill &
Lumber Co.*, 61 Wash. 676, 112 Pac. 937; *Phelps
Lumber Co. v. Bradford-Kennedy Co.*, 96 Wash. 503,
165 Pac. 376.

As to the fee for conducting the writ of assistance
proceeding, appellant, during the trial of the present
case, was on the witness stand twice, and each time
testified there was a direct and positive understand-
ing with Mr. McBroom, as agent, that such fee should
be paid.    This was not denied in any way, although

Mr. McBroom was present at the trial. Appellant is entitled to recover the whole amount sued for.

The cause is remanded with directions to the lower court to enter judgment accordingly.

MAIN, C. J., MACKINTOSH, TOLMAN, and CHADWICK, JJ., concur.