[No. 17934.  Department Two.  July 24, 1923.]

GEORGE GLENZ et al., Respondents, v. TACOMA RAILWAY & POWER COMPANY, Appellant.[1]

ACCORD AND SATISFACTION (2)—FORM OF AGREEMENT—RECEIPT IN FULL. Whether pay checks, containing the statement that they were in full for wages to date, were accepted as an accord and satisfaction for overtime not included or paid for, depends on the intent of the parties, and is for the jury, where there was evidence that the payee could not read and did not know what was printed on the checks and, on asking for his overtime, had been assured it would be paid.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered October 3, 1922, upon the verdict of a jury rendered in favor of the plaintiffs, in an action on contract. Affirmed.

*F. D. Oakley,* for appellant.

*P. L. Pendleton,* for respondents.

PEMBERTON, J.—This is an action brought by the respondents for money claimed to be due and owing them on account of overtime work performed for the appellant. In their complaint the respondents allege that, on or about August 1, 1918, August 1, 1919, and August 1, 1920, the appellant entered into written agreements with their employees, members of the Street Car Men's Union, of which respondent George Glenz is a member, wherein appellant agreed to pay time and a half for overtime over eight hours a day for work in its street car department. It is claimed by respondents that, between August 1, 1917, and October, 1920, respondent George Glenz worked nine hundred and eighty-five hours at ten hours a day, being two

[1]Reported in 216 Pac. 842.

hours above the eight-hour schedule, for which he was to receive the time and a half for overtime; that appellant paid respondent for straight time only, and that there is due the sum of $510.90 for the half pay for overtime of respondent.

It is further claimed that, during the time respondent was working, he occasionally called for his half pay for the overtime and appellant promised that it would "straighten the matter out" and pay him, but never did pay him.

Answering the contention of respondents, appellant denied the same, and, as a further answer, alleges that respondent George Glenz was employed by it and was paid twice every month during the term of his employment for services performed by him; that on each of the pay checks given to respondent there was written in full faced type the words "In full for wages to and including ———," in which blank space was written the term of the employment covered by the check; that respondent accepted such checks, endorsed his name thereon and cashed the same in compliance with all the terms and conditions written upon the pay check, and claims that respondents are now estopped from denying the terms and conditions set forth in the pay checks. Replying to these affirmative defenses, respondents admit that, during the period of employment, there was endorsed on the voucher for the payment of the wages "Payment in full," but that the payment was for straight time only and not for time and a half overtime as alleged in the complaint.

At the close of the testimony, the appellant moved the court for the return of a verdict in its favor for the following reasons: First, that the evidence failed to disclose any cause of action on behalf of respondents; second, that the evidence showed that the respondent

had been paid in full for all his services performed for the defendant company, and had accepted a check in full compensation for the amount at the time of his discharge and without protest. The motion was denied, and respondents recovered a verdict in the amount of $510.90 for the overtime. The appellant thereupon moved the court that judgment be granted in its favor notwithstanding the verdict, which motion was denied. Motions to vacate and set aside the verdict and for a new trial were denied. From the judgment, this appeal is taken.

It is contended by appellant that the court erred in denying appellant's motion at the close of the testimony for a directed verdict in its favor, and in denying the motion for judgment notwithstanding the verdict, and in denying appellant's motion for a new trial.

The jury having found the facts in favor of the respondents, the only question remaining is whether or not these facts, as a matter of law, show an accord and satisfaction. The burden of proving an accord and satisfaction is upon appellant and depends to a great extent upon the intention of the parties, and is a fact for the jury to determine. It is claimed that respondent could read figures but not print, and did not know what was printed on the checks. We said in the case of *LeDoux v. Seattle etc. Shipbuilding Co.,* 114 Wash. 632, 195 Pac. 1006:

"Where there is an agreement that a certain sum shall be paid on account and not in full settlement, the sending of a check which shows that it is in full settlement does not, as a matter of law, accomplish an accord and satisfaction. *Allen v. Tacoma Mill Co.,* 18 Wash. 216, 51 Pac. 372; *Phelps Lumber Co. v. Bradford-Kennedy Co.,* 96 Wash. 503, 165 Pac. 376."

See, also, *London Guaranty & Accident Co. v. Western Smelting & Power Co.,* 117 Wash. 568, 201 Pac. 914.

The questions of fact having been properly submitted to the jury, the judgment is affirmed.

MAIN, C. J., FULLERTON, PARKER, and TOLMAN, JJ., concur.