**Jack J. HENDERSON, Plaintiff-Appellant,**

v.

**EAGLE EXPRESS COMPANY, Defendant-Respondent.**

**No. KCD 25760.**

Missouri Court of Appeals,
Kansas City District.

July 25, 1972.

Joel Pelofsky, Kansas City, for plaintiff-appellant.

Warren H. Sapp, Kretsinger & Kretsinger, Kansas City, for defendant-respondent.

WASSERSTROM, Judge.

Plaintiff initiated this case by filing suit in the Magistrate Court for wages claimed to be due and unpaid. Judgment in that court was for the plaintiff, and the defendant appealed to the Circuit Court. On trial before a jury, the Circuit Court directed a verdict for the defendant on the ground of accord and satisfaction. Plaintiff appeals, assigning as his only point that the court below erred in so directing the verdict.

The evidence shows that the plaintiff commenced work for defendant in April, 1966, as a truck driver at $90.00 per week, which averaged about $2.25 per hour. Plaintiff subsequently contended that his employment was governed by a union contract which called for a wage rate of $3.30 per hour. Since the defendant denied cov-

erage of this employment under the union agreement, a grievance proceeding was held which resulted in a determination that the plaintiff was covered and was entitled to the union rate. The award in his favor did not specify any liquidated amount due him.

Following the arbitration award, defendant computed the amount due to the plaintiff under the award and tendered to him a check in the amount of $734.04. The check bears a printed legend: "By endorsement this check when paid is accepted in full payment of the following amount". Immediately following that legend, the following appears in pen and ink: "9–8 labor for Period 4–7–66 through 8–19–66 $734.04." The check bears the endorsement of the plaintiff, and the plaintiff admitted that the signature was his and that he did cash the check.

However, plaintiff further testified that after the check was delivered to him and before he cashed it, he had a conversation with the defendant's president, Mr. Galloway, in which plaintiff states that he protested the amount of the check, on the basis that the check did not cover the amount of overtime to which he claimed to be entitled. Plaintiff further testified that in response to this protest concerning the non-payment of overtime, Mr. Galloway answered: "I'll take care of this later".

The trial court ruled that the evidence outlined above conclusively proved an accord and satisfaction. The sole issue for determination by this court is whether that ruling was correct.

An accord and satisfaction is a contract for the settlement of a disputed or unliquidated claim for an amount less than that claimed by the creditor. Such contract has been held to have been made in a myriad of cases, where a check has been tendered in payment of an account on express condition that acceptance thereof shall be deemed to be satisfaction in full. There have been repeated rulings that if the creditor cashes the check under such

circumstances, an accord and satisfaction results notwithstanding protests on his part. Even his striking out or modification of the condition written on the check has been held to be ineffective. Bartley v. Pictorial Review Co., 188 Mo.App. 639, 176 S.W. 489.

However, all of the cases in this line of authority emphasize that there can be no accord and satisfaction unless the check be tendered on the condition that it be accepted, if at all, in full satisfaction, and such an intention on the part of the debtor must be made clearly apparent to the creditor. 1 Am.Jur.2d, "Accord and Satisfaction", § 15, p. 312; 1 C.J.S. Accord and Satisfaction § 34, p. 528. Even though the tender may originally have been made upon such condition, nevertheless, the condition may be withdrawn or waived and in such event acceptance of the check will not result in an accord and satisfaction. 1 C. J.S. Accord and Satisfaction § 33c, p. 527.

The situation where such a condition was originally made and then withdrawn is illustrated in Le Doux v. Seattle North Pac. Shipbuilding Company, 114 Wash. 632, 195 P. 1006, l.c. 1010. In that case, an employer tendered a check to the employee with a legend on the back of the check as follows: "In full settlement to date of all expenses and services rendered, a/c Twohy Bros. Company and Seattle North Pacific Shipbuilding Company". The check was accepted and cashed by the employee. However, he testified that there had been a conversation between him and the employer to the effect that no figures were available for a calculation of the compensation due at the time the check was given, that it was understood that the check was given to the employee for the purpose of giving him some immediate cash which he needed, and that a complete settlement would be had later. The Washington Supreme Court held that under such facts there was no accord and satisfaction:

"Whether there has been an accord and satisfaction is generally a question of fact, and if this check was sent with the

understanding that it was only on account, it could not be considered as payment in full, notwithstanding any indorsement to that effect on the back of the check. It was, of course, for the jury to determine whether the check was agreed to be sent on account. The general rule is that, where a debtor sends to his creditor a check for the amount he is willing to pay, and at that time informs the creditor that he intends the check to be considered as full payment, then, by the acceptance and cashing of the check, the creditor agrees to the settlement, and cannot thereafter seek additional compensation. But that rule is inapplicable to the situation here as testified to by Mr. Schacht. Where there is an agreement that a certain sum shall be paid on account and not in full settlement, the sending of a check which shows that it is in full settlement does not, as a matter of law, accomplish an accord and satisfaction."

A similar ruling was made in Equitable Life Assurance Soc. v. Mercantile Com. B. & T. Co. (CA8), 143 F.2d 397, l.c. 401. In that case a series of disability payments were made during 1939 and 1940, each payment check being endorsed: "In full settlement of any and all Disability Claims to the date of this check". After the death of the insured in 1940, his representative claimed that additional disability payments were due for a period of time from 1932 to 1939. The defendant contended that the endorsement on the checks followed by the cashing thereof constituted an accord and satisfaction. The court held to the contrary:

"The insured objected to this endorsement, and the company, on November 10, 1939, wrote to him that ' * * * we are willing to concede that your acceptance of such endorsement does not constitute a waiver of any right you may think you have.' To constitute an accord and satisfaction a payment must be offered, intended, and accepted as a satisfaction of the original demand. Aldridge v. Shelton's Estate, Mo.App., 86 S.W.2d

395, 399. The appellant is not in a position to urge the contention that there was an accord and satisfaction in this case."

See also Glenz v. Tacoma Ry. and Power Co., 125 Wash. 650, 216 P. 842, l.c. 843; Phelps Lumber Co. v. Bradford-Kennedy Co., 96 Wash. 503, 165 P. 376; Knight v. Glenn Falls Ins. Co., Mo.App., 20 S.W.2d 941, l.c. 943.

 If the conversation occurred between plaintiff and Mr. Galloway, to which plaintiff testified, then defendant did withdraw the condition that its check must be accepted by the plaintiff, if at all, in full settlement. Under that evidence, the cashing of the check by plaintiff would not accomplish a contract of accord and satisfaction. Plaintiff was entitled to have the jury pass upon this factual issue. We conclude that the court below erred in taking that issue from the jury.

The judgment of the court below is reversed and the cause is remanded for a new trial.

All concur.