**GOLDSTEIN OIL COMPANY, et al., Plaintiffs,**

v.

**SUN OIL TRADING COMPANY, Defendant,**

**SUN TRANSPORT, INC., Plaintiff,**

v.

**GOLDSTEIN OIL COMPANY, et al., Defendants,**

**GOLDSTEIN OIL COMPANY, et al., Plaintiffs,**

v.

**SUN OIL TRADING COMPANY, Defendant.**

Nos. 82–79 C(D), 82–599 A(D) and 82–205 A(D).

United States District Court, E.D. Missouri, E.D.

Oct. 24, 1985.

New trial denied Dec. 2, 1985.

Richard H. Ulrich, Lee Kline, Shifrin, Treiman, Barken, Dempsey & Ulrich, Clayton, Mo., for plaintiffs.

John R. McFarland, Christopher F. Jones and Dan Blum, Coburn, Croft & Putzell, St. Louis, Mo., for defendant.

## MEMORANDUM

WANGELIN, District Judge.

These matters are before the Court for a decision on the merits following a four day trial ending November 1, 1984. These cases involve various claims and counterclaims asserted by both parties for product, demurrage, and other charges arising out of oil transactions between the parties.

After consideration of the testimony adduced at trial, the exhibits introduced into evidence, the briefs of the parties, and the applicable law, the Court hereby makes and enters the following Findings of Fact and Conclusions of Law pursuant to Fed.R. Civ.P. 52(a). Any Finding of Fact equally applicable as a Conclusion of Law is hereby adopted as such, and any Conclusion of Law equally applicable as a Finding of Fact is hereby adopted as such.

## FINDINGS OF FACT

1. This is an admiralty or maritime claim within the original and exclusive jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1333 and within Rule 9(h) of the Fed.R.Civ.P.

2. Goldstein Oil Company and Novelly Oil Company are Missouri corporations and are general partners of Apex Oil Company (Apex) a Missouri general partnership.

3. Sun Oil Trading Company (Sun) is a Delaware corporation with its principal place of business in the State of Pennsylvania.

4. The first filed suit (new claims) was No. 82–79 C(D) (civil suit). In this case, Apex asserts a Seven Hundred Ninety Two Thousand Two Hundred Forty Six Dollar and Three Cent ($792,246.03) claim for oil sold to Sun on the barge Auntie Mame, and Sun asserts a counterclaim totalling Eight Hundred Twelve Thousand Seven Hundred Fifty Two Dollars and Forty Six Cents ($812,752.46) for various charges incurred in selling oil to Apex on the ship Johs Stove.

5. The second suit (old claims), No. 82–205 A(D) (admiralty suit), is an admiralty action involving six separate demurrage claims. Apex asserts four demurrage claims totalling Sixty Seven Thousand Six Hundred Seventy Six Dollars and Eighty Six Cents ($67,676.86), and Sun asserts two demurrage claims totalling Twenty Seven

Thousand Four Dollars and Thirty One Cents ($27,004.31).

6. Long before suit was ever filed, both parties entered into substantial and complicated negotiations to resolve all of the above claims in one settlement.

7. In June of 1981, those negotiations culminated in an accord and satisfaction in the precise amounts now asserted in these two lawsuits.

8. The accord and satisfaction was based upon the following terms:

Auntie Mame/Johs Stove

1. Apex Claim – Auntie Mame
cargo invoice    $792,246.03

2. Sun Claim – Johs Stove

| | |
|---|---|
| cargo invoice | $141,780.63 |
| ship demurrage | $275,926.37 |
| barge demurrage | $ 8,717.40 |
| barge freight & heating | $175,162.89 |
| interest | $202,242.53 |
| net value of money | $ 8,922.64 |
| | $812,752.46 |
| | −$792,246.03 |
| Balance Due Sun | $ 20,506.43 |

Demurrage

1. Apex Claims

| | |
|---|---|
| Cove Spirit | $ 9,056.34 |
| Gulf Crest | $ 11,156.76 |
| Gulf Solar | $ 10,175.78 |
| Pt. Julie | $ 37,287.98 |
| | $ 67,676.36 |

2. Sun Claims

| | |
|---|---|
| Laconic | $ 17,004.31 |
| Mt. Vernon Victory | $ 10,000.00 |
| | $ 27,004.31 |
| | $ 67,676.86 |
| | −$ 27,004.31 |
| Balance Due Apex | $ 40,672.55 |

| | |
|---|---|
| Balance Due Apex | $40,672.55 |
| Balance Due Sun | − $20,506.43 |
| Net Balance Due Apex | $20,166.12 |
| Net Balance Due Apex | $20,166.12 |
| 6/9/81 Payment to Apex | − $20,166.12 |
| FINAL BALANCE | 0 |

9. On June 9, 1981, Sun tendered Twenty Thousand One Hundred Sixty Six Dollars and Twelve Cents ($20,166.12) in a wire transfer as a full satisfaction and accord of both parties claims.

10. Apex accepted this payment and attempted to apply it to demurrage claims which are the subject matter of the above styled action involving the "old claims".

## CONCLUSIONS OF LAW

■ Missouri law on accord and satisfaction applies to these two cases, even though one is a civil diversity suit, and the other is an admiralty action. Missouri law applies to the diversity case under *Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), and to the admiralty action because there is no inconsistent federal statute or rule. *Wilburn Boat Co. v. Firemen's Fund Ins. Co.*, 348 U.S. 310, 313, 75 S.Ct. 368, 370, 99 L.Ed. 337 (1955);

*Continental Oil Co. v. Bonanza Corp.,* 677 F.2d 455, 461 n. 7 (5th Cir.1982); *I/S Stavborg v. National Metal Converters, Inc.,* 500 F.2d 424, 427 (2d Cir.1974).

■ An accord and satisfaction is a contract for a settlement of a disputed or unliquidated debt for something other than, or different from, that claimed by the creditor. An accord and satisfaction consists of two elements: (1) an accord or agreement, in which one of the parties agrees to extend to the other, in satisfaction of a claim, something other than, or different from, that to which the other party considers himself entitled; and (2) a satisfaction, consisting of the actual execution or performance of the accord. *Bohle v. Sternfels,* 261 S.W.2d 936, 941 (Mo.1953); *Long v. Weiler,* 395 S.W.2d 234, 237 (Mo.App.1965).

There have been "repeated rulings" that, if the creditor accepts the payment tendered on express condition that acceptance thereof shall be deemed to be satisfaction in full of all claims, an accord and satisfaction results. Thus an accord and satisfaction results even though there may not be an actual meeting of the minds between the parties. The law implies the creditor's acceptance through its knowing retention of the tendered money "notwithstanding protests on [the creditor's] part. Even his striking out or modification of the condition ... has been held to be ineffective." *Milgram Foods Stores, Inc. v. Gelco Corp.,* 550 F.Supp. 992, 996 (W.D.Mo.1982) (quoting *Henderson v. Eagle Express Co.,* 483 S.W.2d 767, 768 (Mo.App.1972) ). *See also Cox v. City of Freeman,* 321 F.2d 887, 892 (8th Cir.1963); *Collins v. Gaskill,* 359 Mo. 171, 221 S.W.2d 181, 187 (1949).

■ To establish its claim of accord and satisfaction, Sun need only establish that Sun tendered payment for satisfaction of all these claims and that Apex, understanding the conditions of this tender, accepted that payment. Evidence at trial established that Sun tendered payment to satisfy or resolve all of these claims and that Apex, fully understanding these terms, accepted that payment.

The Court finds the trial testimony of Barry Baker and Pat Hagene as dispositive of the issues presented. First, Mr. Baker testified that he wired Apex on June 2, 1981 that Sun was tendering payment of Twenty Thousand One Hundred Sixty Six Dollars and Twelve Cents ($20,166.12) as a final settlement or "net out" of the Johs Stove, Auntie Mame, and "old claims". In his telegram, Baker advised Apex that Sun was "closing our books" on the old claims and the Johs Stove/Auntie Mame claims. (Plaintiff's Exhibit 48.)

Further, Apex fully understood that Sun intended this payment as a settlement of all claims involved in these lawsuits. The Court finds Pat Hagene's testimony of particular note. Pat Hagene admitted that Apex retained the payment fully understanding that it was intended to settle all claims. (Testimony of Pat Hagene, Vol. I, Transcript of Trial at 103, ln. 15–25; p. 104, ln. 1–12.)

Having understood Sun's intention in offering this payment to settle all the claims between Apex and Sun, Apex's retention of this payment bound it to its terms—a full settlement and accord and satisfaction of all the disputes between the parties. Where a "debtor tenders to the claimant or creditor some amount, upon the condition that its acceptance will be in full settlement of all claims, and the claimant or creditor accepts the tender, an accord and satisfaction results as a mater of law" even though the creditor may protest the adequacy of the amount or even state other conditions of its acceptance. *Cox v. City of Freeman,* 321 F.2d 887, 892 (8th Cir.1963). Apex fully understood the terms of this Twenty Thousand One Hundred Sixty Six Dollars and Twelve Cents ($20,166.12) tender and decided to accept it. As such, Apex was bound by its terms and an accord and satisfaction was executed by the parties.

Accordingly, judgment will be entered affirming the accord and satisfaction reached between the parties. Based upon the accord and satisfaction, this Court finds that all claims between the parties have

been settled and no money need change hands between the parties.