**Sondra J. ESTLE, Appellant,**

v.

**COUNTRY MUTUAL INSURANCE COMPANY, Appellee.**

**No. 91–3522.**

United States Court of Appeals, Eighth Circuit.

Submitted April 14, 1992.

Decided July 22, 1992.

George S. Miller, Kansas City, Mo., argued (Scott Mach and William Hubbard on the brief), for appellant.

Paul P. Hasty, Jr., Kansas City, Mo., argued, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, ROSS, Senior Circuit Judge, and LOKEN, Circuit Judge.

DONALD R. ROSS, Senior Circuit Judge.

Plaintiff Sondra J. Estle (plaintiff) appeals the district court's grant of defendant Country Mutual Insurance Company's (defendant) Motion for Judgment on the Pleadings and the court's subsequent denial of plaintiff's Motion to Reconsider, both involving plaintiff's efforts to collect insurance benefits from policies held with defendant insurance company. After a careful review of the record, briefs and arguments of the parties, we reverse and remand.

On May 18, 1990, plaintiff was in an automobile accident with an unidentified vehicle. At the time of the accident, plaintiff was insured under two policies of insurance issued by defendant Country Mutual Insurance Company. Each policy provided uninsured motorist benefits in the amount of $50,000.00 per person.

On August 23, 1990, defendant sent a letter to plaintiff referring to a "settlement draft for $37,500.00," along with a check in that same amount and a Release of All Claims form. Plaintiff cashed the check but neither signed, nor returned the release. When defendant failed to issue further benefits under the uninsured motorist insurance policies, on February 27, 1991, plaintiff filed a petition in state court for breach of contract, which asserted that plaintiff was entitled to the full $100,000.00 available under the coverage limits of both policies.

Subsequently, the case was removed to federal court and defendant filed its Answer, raising the defenses of accord and satisfaction and release. Defendant also filed a Motion for Judgment on the Pleadings, arguing that an accord and satisfaction had been reached and that under Missouri law plaintiff was required to return the settlement consideration before filing suit. *See Nelson v. Browning*, 391 S.W.2d 873 (Mo.1965). Plaintiff's response to this motion stated that she had never signed the release, and that if a settlement had been reached, it had been procured by fraud. She included with her response a motion to amend her complaint to include the fraud claim.

The district court granted defendant's Motion for Judgment on the Pleadings, concluding that even assuming a fact issue as to the fraud, plaintiff was still obligated to return her settlement consideration before filing suit. The court stated,

> While plaintiff may have a cause of action for fraud in the inducement, she has no present right to bring the action in light of *Nelson.* Plaintiff received and accepted settlement in the sum of $37,-500.00. To date, she retains this sum of money. Until such time plaintiff tenders this sum of money back to defendant, she has no actionable claim.

One month later, on July 30, 1991, plaintiff filed a Motion for Reconsideration or Relief from Judgment, stating that she had returned the $37,500.00 to the defendant following the July 1, 1991 judgment, and requesting to proceed with her lawsuit. Plaintiff also filed a Second Motion to Amend to include a fraudulent misrepresentation claim. On October 10, 1991, the district court denied both of plaintiff's motions, finding that relief was not warranted under Rule 60(b)(6) of the Federal Rules of Civil Procedure. This appeal followed.

■ We first address defendant's argument that this court is without subject matter jurisdiction to consider this appeal because plaintiff filed her notice of appeal outside the time limitation provided in Rule 4(a)(5) of the Federal Rules of Appellate Procedure. Under Rule 4(a)(1), a notice of appeal must be filed within thirty days after the judgment is entered. Rule 4(a)(5) [1] provides that the district court may allow an extension of time to file an appeal with a showing of excusable neglect or good cause when the motion for such extension is filed within thirty days of judg-

---

**1.** Fed.R.App.P. 4(a)(5) provides:

The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a).... No such extension shall exceed 30 days past such prescribed time or 10 days from the date of entry of the order granting the motion, whichever occurs later.

ment, as prescribed under Rule 4(a)(1). Rule 4(a)(5) further provides that the extension shall not exceed thirty days beyond the date the original appeal was to have been filed.

Here, the judgment was entered on July 1, 1991. Plaintiff filed her Motion to Extend on July 31, 1991, in which she requested an extension of time which would allow her thirty days after the ruling on the Motion for Reconsideration to file her appeal. The motion to extend was granted on August 1, 1991. The order denying plaintiff's Motion to Reconsider was entered on October 10, 1991, and plaintiff's appeal was filed on November 5, 1991.

Defendant now contends that the district court was without authority under Rule 4(a)(5) to extend the time for filing an appeal beyond sixty days after its July 1, 1991 entry of judgment, and that this court is now without subject matter jurisdiction to hear the appeal. While Rule 4(a)(5) provides that an extension of time to file an appeal shall not exceed thirty days beyond the time the original appeal was to have been filed, that rule has been somewhat tempered by a line of cases beginning with *Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc.*, 371 U.S. 215, 217, 83 S.Ct. 283, 285, 9 L.Ed.2d 261 (1962) (per curiam), where the Supreme Court allowed an appeal outside the federal rules under certain "unique circumstances." *Id.* at 217, 83 S.Ct. at 285. Two years later, the Supreme Court applied its ruling in *Harris,* and allowed an appeal outside the deadline provided for in the federal rules, where the petitioner relied on a statement of the district court and filed the appeal within the assumedly new deadline. The Court found that these "unique circumstances" fit "squarely within the letter and spirit of *Harris.*" *Thompson v. INS,* 375 U.S. 384, 387, 84 S.Ct. 397, 398, 11 L.Ed.2d 404 (1964) (per curiam).

Similarly, in *Needham v. White Lab., Inc.,* 639 F.2d 394 (7th Cir.), *cert. denied,* 454 U.S. 927, 102 S.Ct. 427, 70 L.Ed.2d 237 (1981), the Seventh Circuit applied *Thompson* in holding that the respondent "should not be penalized for relying on the district

court assurance that notice of appeal filed within thirty days of its disposition of the motion to reconsider would be timely." *Id.* at 398. Our Circuit has held that "[t]he unique circumstances exception to rule 4(a) protects a party who reasonably relied on erroneous district court action that caused the party to file an untimely notice of appeal." *Hable v. Pairolero,* 915 F.2d 394, 395 (8th Cir.1990).

Here, the district court granted plaintiff's motion to extend the time to file her appeal until thirty days following the district court's ruling on her Motion for Reconsideration. The order allowing the extension was entered when time remained to file a timely notice of appeal under Rule 4(a)(1), but instead, the plaintiff was "lulled into inactivity" by the district court's representations that a timely notice of appeal could be filed after the ruling on the Motion for Reconsideration. *See Willis v. Newsome,* 747 F.2d 605, 606 (11th Cir. 1984). Under these unique circumstances, we conclude that the notice of appeal was timely and that this court has jurisdiction over the appeal.

■ Having thus concluded this case is properly before us, we now turn to the substance of the parties' arguments. There is no dispute that plaintiff was covered under two policies of insurance and that under Missouri law these two policies "stack" to allow for $100,000.00 worth of uninsured motorist coverage. *See Husch v. Nationwide Mut. Fire Ins. Co.,* 772 S.W.2d 692, 695 (Mo.Ct.App.1989). Just three months after the accident, and before plaintiff was represented by counsel, defendant's insurance adjuster, Patti Day, sent plaintiff a memorandum of August 23, 1990, and a check for $37,500.00, along with a Release of All Claims form. Ms. Day's August 23 memorandum provided in part: "I have enclosed the settlement draft for $37,500.00. I have also enclosed a Release of All Claims Form which I need you to sign and have notarized.... I'll call on Monday regarding the car and the rest of the Medical Payment Benefits." Plaintiff signed the draft, but refused to sign the Release.

Plaintiff now claims that defendant misrepresented policy limits and conditions in obtaining the alleged settlement agreement. Specifically, plaintiff charges that the defendant told her that she was covered by only one uninsured motorist policy when she was actually covered by two, and that the defendant misled her into believing that she would be able to recover compensation for any future medical expenses from her private health insurer, when in fact such compensation was not available. The district court denied each of plaintiff's two motions to amend her complaint in order to allege a cause of action for fraud.

The district court did not expressly consider whether the pleadings sufficiently evidenced an accord and satisfaction or contract of release which would entitle defendant to a judgment as a matter of law. Instead, the court granted defendant's Motion for Judgment on the Pleadings for the reason that plaintiff failed to return the $37,500.00 draft prior to filing suit. The district court noted that "[w]hile plaintiff may have a cause of action for fraud in the inducement, ... [u]ntil such time plaintiff tenders this sum of money back to defendant, she has no actionable claim." Under *Nelson v. Browning, supra,* 391 S.W.2d at 877, the Missouri Supreme Court held that return of the consideration received "is a prerequisite ... to the avoidance of the release and to the maintenance of an action on the original claim" in an action for fraud in the inducement.

Following the district court's ruling, plaintiff returned the money to defendant and filed a Motion for Reconsideration under Fed.R.Civ.P. 60(b)(6).[2] The district court again ruled in favor of defendant, this time finding there were no "extraordinary circumstances" justifying relief.

The district court's dismissal of plaintiff's claim on the basis of the ruling established in *Nelson, supra,* 391 S.W.2d at 873, was in error. The rule requiring a plaintiff to tender back benefits received under a contractual agreement as a prerequisite to the maintenance of a cause of action is grounded in the assumption that an agreement between the parties has been reached. That assumption is not appropriate in the instant case where, based only on the pleadings, there has been no showing that the parties reached either an accord and satisfaction or entered into a release as a matter of law.

Under Missouri law, accord and satisfaction, as well as release, are matters of agreement and so are governed by contract principles. An accord and satisfaction requires "a well-understood and concluded agreement to settle all demands in dispute. Payment of part of a debt does not satisfy the whole debt in the absence of an agreement supported by consideration." *Fenberg v. Goggin,* 800 S.W.2d 132, 137 (Mo. Ct.App.1990) (citations omitted). "[T]here can be no accord and satisfaction unless the check be tendered on the condition that it be accepted, if at all, in full satisfaction, and such an intention on the part of the debtor must be made clearly apparent to the creditor." *Henderson v. Eagle Express Co.,* 483 S.W.2d 767, 768 (Mo.Ct.App. 1972). Because the "contract hinges primarily on the matter of intention, and if the facts regarding intention are in dispute, such disputed facts are for the determination of the jury." *Alaska Fed. Sav. & Loan Ass'n v. Hoffman,* 485 S.W.2d 118, 123 (Mo.Ct.App.1972).

In the instant case, it cannot be said as a matter of law that either an accord and satisfaction or a release was formed. It is clear that the plaintiff refused to sign the release form and no other indicia of a release are evidenced in the record. Nor has there been a showing that the parties reached an accord and satisfaction as a matter of law. Although the plaintiff cashed the check, the only indication that acceptance of the check was intended as full payment on plaintiff's claim was the vague reference to the check as a "settlement draft" and a request to sign the re-

**2.** Fed.R.Civ.P. 60(b)(6) provides:
On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (6) any other reason justifying relief from the operation of the judgment.

lease in an accompanying letter. It was neither stated in the letter nor in a restrictive endorsement on the check that the acceptance of the check would constitute payment of plaintiff's claim in full, as well as serve to release defendant of all future claims. From the brief record before us it is not "clearly apparent" that the tender was made upon the express condition that its acceptance would constitute a full settlement of the claim. *See Henderson, supra*, 483 S.W.2d at 768. Without a showing that an agreement had been formed, the *Nelson* holding will not serve to bar plaintiff's suit. Accordingly, we reverse the district court's dismissal of plaintiff's claim and remand the case for further consideration.[3]

On remand, we further instruct the district court to permit plaintiff to amend her complaint in order to allege a claim of fraud. Rule 15(a) of the Federal Rules of Civil Procedure mandates that leave to amend be freely given when justice requires, giving plaintiff an opportunity to test claims on their merits. Under this policy, only limited circumstances justify a district court's refusal to grant leave to amend pleadings. Based on this rule we conclude that the district court's refusal to permit amendment of the complaint in the instant case was not in keeping with the liberal amendment policy of Fed.R.Civ.P. 15(a).

Accordingly, the judgment of the district court is reversed and the case is remanded to the district court for further proceedings consistent with this opinion.

---

**3.** We note that, even if we were to find there was a valid release, the initiation of the suit to challenge that contractual agreement without first returning the consideration is not necessarily fatal to plaintiff's case. In *Rue v. Helmkampf*, 657 S.W.2d 76, 80 (Mo.Ct.App.1983), the Missouri Court of Appeals indicated that an opportunity existed for the plaintiffs to maintain their suit by tendering the consideration "following the judge's initial order granting summary judgment and prior to his denial of their motion to vacate his order."

Further, at least one exception to the rule requiring the return of settlement consideration may be applicable here. Specifically, "a releasor is not required to return that which he would in any event be entitled to retain by virtue of the original liability." *Trokey v. United States Cartridge Co.*, 222 S.W.2d 496, 503 (Mo. Ct.App.1949).